William G. Kennedy, Appellant *v.* Lehman Township, Lester Litts, Franklin Reidmiller and Larry Vanwhy, Appellees.

Argued April 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Marshall E. Anders,* for appellant.

*Richard E. Deetz,* for appellees.

OPINION BY JUDGE ROGERS, May 19, 1983:

William Kennedy here appeals from an order of the Court of Common Pleas of Pike County dismissing his complaint in Mandamus brought against the Township of Lehman and its supervisors. In his complaint, the appellant avers that he is the owner of property in a development known as Pocono Mountain Lake Estates; that on February 18, 1972, the developer of Pocono Mountain Lake Estates and the township executed an agreement by which the developer contracted to construct a "complete water system" servicing the development, to proceed with the construction at a pace specified by the agreement, and to place in escrow pending completion of the project certain specified security including $100,000 in cash and $600,000 in the assignment of accounts receivable; that the agreement further requires the township to solicit bids for the completion of the water project should the developer fail to do so; and that the agreed period of construction is now past but the water system has never been completed. The complaint then contains a prayer for the issuance of a writ of mandamus to compel the township to solicit bids for the completion of the project.

The trial court sustained the township's preliminary objections raising the issue of the appellant's standing to sue and the adequacy of the complaint to

aver a mandatory duty of the municipality as is required for a suit properly laid in mandamus.

From our reading of the pleadings it appears that the appellant has standing to sue as a property owner in the affected development[1] and that it is possible that he could, by proper amendment, bring his complaint within the rule stated in *Safford v. Board of Commissioners of Annville Township*, 35 Pa. Commonwealth Ct. 631, 387 A.2d 177 (1978) where we held that a township which fails to require adequate security for the installation of public improvements and, despite such failure, gives its approval to a subdivision plat thereby allowing lots to be lawfully sold by the developer, must itself construct the improvements.

The difficulty is that we are not here told whether the Pocono Mountain Lake Estates is an approved subdivision and, if so, the date on which subdivision approval was granted by the township. Moreover, the pleadings contain no averments indicating the answer to the fundamental inquiry of whether the developer ever posted the security called for in the February, 1978, agreement. The right to amend should be liberally granted unless it is clear from the facts as pleaded that there is no possibility that amendment can be successfully accomplished. *Otto v. American Mutual Insurance Co.*, 482 Pa. 202, 393 A.2d 450 (1978); *Bata v. Central-Penn National Bank of Philadelphia*, 448 Pa.

---

[1] The appellee contends that Mr. Kennedy has no justiciable interest in this litigation because he purchased his lot in the development before the February 18, 1972 date of execution of the agreement between the developer and the municipality and in support of this argument the appellee has attached to its brief filed in this Court a copy of what purports to be the deed granting the lot to the appellant. Of course, we may not consider this "evidence" as the sufficiency of the complaint is determined by the facts as they are averred therein and there is no mention in the complaint of the chronology now relied on by the appellee.

355, 293 A.2d 343 (1972), *cert. denied,* 409 U.S. 1108, *rehearing denied,* 410 U.S. 960 (1973); *Wimbish v. School District of Penn Hills,* 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981); Pa. R.C.P. No. 1033.

For these reasons we vacate the order of the trial court and remand the cause with direction that Mr. Kennedy shall have leave to amend his complaint. Jurisdiction is relinquished.

### Order

AND Now, this 19th day of May, 1983, the order of the Court of Common Pleas of Pike County in the above-captioned matter is hereby vacated and the record is remanded with direction that William Kennedy shall have leave to amend his complaint in Mandamus filed July 28, 1976. Jurisdiction is hereby relinquished.