530 A.2d 1002

Ralph L. Douros and Peter A. Tyrrell, Jr. *v.* Township of Newtown and Edward M. Corse, Joseph L. Crawford, Harvey J. Eliason, Donald J. Pascucci, Edwin C. Williams, Supervisors. Ralph L. Douros, Appellant.

Submitted on briefs February 13, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Ralph L. Douros,* appellant, for himself.

*Robert J. Sugarman, Robert J. Sugarman & Associates,* for appellees.

OPINION BY SENIOR JUDGE KALISH, August 24, 1987:
Ralph L. Douros appeals from an order of the Court of Common Pleas of Delaware County which granted the Township of Newtown's motion for summary judgment and dismissed his complaint in mandamus. We affirm.

A corporation known as Joyfor, Incorporated (Joyfor), in which it is not alleged that appellant has any financial or other interest, was the owner of a tract of ground in Newtown Township (Township). It filed an application for lot subdivision approval and submitted plans to the Township Board of Supervisors (Supervisors). Subsequently, Joyfor and the Township entered into an extensive agreement, whereby Joyfor agreed to develop the tract in accordance with the terms set forth therein. One of the terms required Joyfor to "dedicate to the Township in fee simple absolute . . . a strip of land," adjoining a certain highway.

On November 19, 1981, Joyfor, by deed signed by its president, Claude, DeBotton, conveyed this strip of ground. This deed was accepted by the Supervisors. The deed was then given to the Township Manager, who maintained possession but never recorded the deed.

On January 28, 1985, Ralph L. Douros and Peter A. Tyrrell, Jr., plaintiffs below, brought this action in mandamus to compel the Township and the Supervisors to offer the deed of November 19, 1981 for recording in the Office of the Recorder of Deeds. On May 13, 1985, without having recorded the deed, the Township, by resolution, exchanged this land for another property which it believed provided the same purpose, and recorded the new deed in the Office of the Recorder of Deeds. On September 13, 1985, after the filing of responsive pleadings, the Township filed a motion for summary judgment, raising the issue of the plaintiffs' standing to bring the action. The trial court granted the motion and dismissed the plaintiffs' complaint.

The decision whether to issue a mandamus order is within the discretion of the trial court. Our scope of review is to determine whether the trial court abused its discretion or committed an error of law. *Trinisewski v. Hudock*, 90 Pa. Commonwealth Ct. 159, 494 A.2d 504 (1985).

The question which is dispositive of this issue is whether the plaintiffs below had an interest sufficient to allow them to maintain a mandamus action in their own names. Pennsylvania Rules of Civil Procedure 1091 and 1092, Pa. R.C.P. Nos. 1091 and 1092, dealing with the action of mandamus, simply deal with procedure. The commentary to these rules indicates that the rules do not define the action, nor affect its scope, and that the use will remain unchanged from the prior practice.

In *Dombrowski v. City of Philadelphia*, 431 Pa. 199, 245 A.2d 238 (1968), our Supreme Court held that Rule

1092 had not broadened the standing for private mandamus actions. The court also noted that subsection (c) of Rule 1092, although dealing with venue, refers to actions by private individuals to compel performance of a public act or duty, and speaks of the party having a beneficial interest distinct from that of the general public. Additionally, the court in *Dombrowski* pointed out that section 4 of the Mandamus Act of 1893, Act of June 8, 1893, P.L. 345, 12 P.S. §1914, repealed by section 2(a) of the Act of April 28, 1978, P.L. 202, effective June 27, 1978, states that "when the writ is sought to procure enforcement of a public duty, the proceedings shall be prosecuted in the name of the commonwealth on the relation of the attorney general. . . ." *Dombrowski* at 204, 245 A.2d at 241. The court went on to indicate that a private litigant may also maintain a mandamus action to enforce a public duty when that plaintiff has an individual and beneficial interest in the litigation independent of that which is held by the public at large.

A contractual relationship is a factor that may have bearing on a plaintiff's standing. Where the party acquires an interest special to himself as distinguished from that of the general public, he is able to bring mandamus proceedings in his own name. *Dombrowski*. A dedication is analogous to a contract. It requires an offer and acceptance. *Dormont Borough Appeal*, 371 Pa. 84, 89 A.2d 351 (1952). By accepting the deed of dedication, the Township became the owner of the property. It is the duty of the Recorder of Deeds to record such deeds *which shall be brought to him*, for that purpose. Section 1 of the Act of May 28, 1715, 1 Sm.L. 94, 16 P.S. §9701, repealed by the Act of August 4, 1955, P.L. 303. While the failure of the Township to offer the deed for recording may in some manner affect the rights of Joyfor, vis-a-vis the Township, there is nothing to indicate that the plaintiffs below had a special beneficial in-

terest or enforceable right as distinguished from the public at large.

The instant case differs from *Kennedy v. Lehman Township*, 74 Pa. Commonwealth Ct. 377, 459 A.2d 921 (1983), where the appellant, as a property owner in the development, was held to have standing to bring an action in mandamus to compel Lehman Township to abide by the terms of an agreement whereby the Township agreed to solicit bids for the completion of a water project to serve the development in the event that the developer failed to do so. It was this special contractual concept which allowed the appellant in that case to bring the action which was independent of the public at large. Here, the plaintiffs below had no such interest independent of the public at large.

Accordingly, we affirm the trial court.

## ORDER

Now, August 24, 1987, the order of the Court of Common Pleas of Delaware County, No. 85-1340, dated February 3, 1986, is affirmed.