Opinion by
 

 President Judge Crumlish, Jr.,
 

 The Lehigh County Vocational Technical School (School) and schoolteacher Theodore Obrecht, defendants in a personal injury action initiated by Kellie Bollinger,
 
 [1]
 
 seek to appeal a Lehigh County Common Pleas Court order denying their summary judgment motion. Bollinger moves to quash the appeal. We quash this appeal for the reasons set forth herein.
 

 Bollinger injured two fingers in the rollers of a school-owned printing press during Obrechts graphic arts class. The complaint alleges that Bollinger sustained permanent injuries as a result of Obrecht and the Schools negligence and willful misconduct in removing safety devices normally covering the rollers. Defendants Obrecht and the School asserted, by way of new matter, governmental immunity as affirmative defenses, 42 Pa. C. S. §§8541-8564.
 

 Obrecht and the School moved for summary judgment, contending that Bollingers entire claim was barred because it was not within a statutory immunity exception, 42 Pa. C. S. §8542(b); that there was no willful misconduct supporting her punitive damages claim, 42 Pa. C. S. §§8549, 8550, 8553, and no “permanent disfigurement” supporting her claim for pain and suffering losses, 42 Pa. C. S. §8553(a). The trial court denied the motion because there remained factual issues of whether the printing press was a fixture within the real property immunity exception,
 
 McCloskey v. Abington School
 
 District, 101 Pa. Commonwealth Ct. 110, 515 A.2d 642 (1986),
 
 rev'd on other grounds,
 
 517 Pa. 347, 537 A.2d 329 (1988), and whether the evidence would show willful misconduct and permanent disfigurement.
 

 
 *565
 
 APPEALABILITY
 

 Of course, we may not address the merits of this appeal unless we have jurisdiction. The Judicial Code vests this Court with appellate jurisdiction of “final” orders from the courts of common pleas. 42 Pa. C. S. §762.
 
 [2]
 

 In determining appealability of orders, Pennsylvania courts adhere to the “final judgment rule,” which holds that an appeal will lie only from a final order unless otherwise permitted by statute or rule.
 
 Fried v. Fried,
 
 509 Pa. 89, 501 A.2d 211 (1985);, Pa. R.A.P. 341(a).
 

 Additionally, the Pennsylvania Rules of Appellate Procedure allow an appeal as of right from a nonfinal order if it falls within one of the specific classes of inter
 
 *566
 
 locutory orders enumerated in Pa. R.A.P. 311. Interlocutory orders may also be appealed by permission of the court pursuant to the procedure outlined in Pa. R.A.P. 1311. Pa. R.A.P. 312.
 
 See generally
 
 R. Darlington, K. McKeon, D. Schuckers, K. Brown, Pennsylvania Appellate Practice, §§311, 312, 341 (1986).
 

 Moreover, our courts have followed
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541 (1949), which carved an exception to the finality requirement for certain orders which are collateral to the main cause of action.
 
 Bell v. Beneficial Consumer Discount Co.,
 
 465 Pa. 225, 348 A.2d 734 (1975);
 
 Pugar v. Greco,
 
 483 Pa. 68, 394 A.2d 542 (1978);
 
 In Re Tameka M.,
 
 368 Pa. Superior Ct. 525, 534 A.2d 782 (1987);
 
 Doe v. Pennsylvania Department of Public Welfare,
 
 105 Pa. Commonwealth Ct. 482, 524 A.2d 1063 (1987).
 

 Since the trial courts order denying summary judgment does not fall within Rule 311, and the defendants have not sought permission to appeal, we may address the merits of this matter only if the order is “final,” or alternatively falls within the
 
 Cohen
 
 collateral order exception.
 

 1. Finality
 

 Our Supreme Court instructs that the finality of an order should not be ascertained solely from the face of the decree or the orders
 
 technical
 
 effect on the entire litigation.
 
 Bell.
 
 Rather, the court should examine the orders
 
 practical
 
 ramifications and determine whether it has a “final aspect.”
 
 Id.; Fried; Pennsylvania Appellate Practice,
 
 §341.5. Under this approach, an order will be deemed “final” if it (1) ends the litigation or disposes of the entire case; (2) effectively puts. a litigant “out of court”; or (3) precludes a party from presenting the merits of his or her claim to the trial court.
 
 Nigro v.
 
 
 *567
 

 Nigro,
 
 371 Pa. Superior Ct. 625, 538 A.2d 910 (1988).
 

 The trial courts order denying Obrecht and the Schools summary judgment motion obviously does not end this litigation or dispose of the entire case. Nor does the order put these defendants “out of court” or prevent them from proving affirmative defenses at trial since the order did not strike defenses from the pleadings.
 
 Halfway Coal Yard, Inc. v. County of Centre,
 
 113 Pa. Commonwealth Ct. 192, 536 A.2d 860 (1988). Therefore, we adhere to the general rule that an order denying summary judgment is not “final.”
 
 Sweener v. First Baptist Church of Emporium, Pennsylvania,
 
 516 Pa. 534, 538, 533 A.2d 998, 1010 (1987);
 
 see Pennsylvania Turnpike Commission v. Atlantic Richfield Co.,
 
 482 Pa. 615, 621, 394 A.2d 491, 494 (1978), and
 
 Lane v. Schacht,
 
 260 Pa. Superior Ct. 68, 393 A.2d 1015 (1978) (orders denying summary judgment motions which asserted affirmative defenses held not final).
 

 2. Collateral Order Doctrine
 

 Obrecht and the School contend that the trial courts order is appealable under the “collateral order doctrine.” This doctrine holds that an otherwise unappealable interlocutory order will be appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.
 
 Pugar.
 

 The collateral order doctrine is an
 
 exception
 
 to the general rule that all appeals must await final judgment.
 
 Zarnecki v. Shepegi,
 
 367 Pa. Superior Ct. 230, 532 A.2d 873 (1987). This reflects our courts’ deference to the underlying policy goal of avoiding piecemeal adjudication of a single cause of action and the resultant
 
 *568
 
 protraction of litigation.
 
 Fried,
 
 509 Pa. at 97, 501 A.2d at 215;
 
 Pugar,
 
 483 Pa. at 75, 394 A.2d at 545-546;
 
 Sweener,
 
 516 Pa. at 538, 533 A.2d at 999-1000. Consequently, the doctrines scope is limited to orders that are
 
 separable from and collateral to
 
 the merits of the main cause of action.
 
 Praisner v.
 
 Stocker, 313 Pa. Superior Ct. 332, 342, 459 A.2d 1255, 1261 (1983);
 
 Gottschall v. Jones
 
 &
 
 Laughlin Steel Corp.
 
 333 Pa. Superior Ct. 493, 482 A.2d 979 (1984). This limitation ensures that the order is sufficiently removed from the main cause of action so that the appellate court does not review matters which are ingredients of the underlying case. The reasoning in
 
 Cohen
 
 aptly expresses this:
 

 We conclude that the matters embraced in the decision appealed from are not of such an interlocutory nature
 
 as to affect, or to be affected by, decision of the merits of this case.
 

 This decision appears to fall in that small class which finally determines claims of right
 
 separable from, and collateral to, rights asserted in the action,
 
 too important to be denied review and too
 
 independent of the cause itself
 
 to require that appellate consideration be deferred until the whole case is adjudicated.
 

 We hold this order appealable because it is a final disposition of a
 
 claimed right which is not an ingredient of the cause of action and does not require consideration with it.
 

 337 U.S. at 546-547 (emphasis added).
 

 Thus, we must inquire whether the claimed rights affected by the order are also ingredients of the main cause of action.
 

 Recent Pennsylvania decisions provide illumination of what constitutes a separable and collateral order. In
 
 Katz v. Katz,
 
 356 Pa. Superior Ct. 461, 514 A.2d 1374 (1986), where the main cause of action was equitable
 
 *569
 
 distribution in divorce, the court held that an order denying an independently claimed right to privately conducted hearings was collateral. In
 
 Fried,
 
 the Court decided that interim orders relating to the payment of counsel fees were collateral to the underlying divorce action. In
 
 Fugar,
 
 the Court concluded that an order requiring payment of arbitration costs as a condition to appeal was separable from and collateral to the main action, which was an appeal of an arbitrators determination of liability. In
 
 In Re Estate of Georgiana,
 
 312 Pa. Superior Ct. 339, 458 A.2d 989 (1983), the court held that an order refusing to remove an executor was separable from and collateral to the underlying action for distribution of a decedents estate. The underlying principle in each of these cases is that the merits of the issues decided in the appealed order were independent and conceptually distinct from what was to be decided in the main cause of action.
 

 The defendants rely on
 
 Mitchell v. Forsyth,
 
 472 U.S. 511 (1985),
 
 [3]
 
 which held that a denial of a summary judgment motion asserting federal official immunity satisfied the collateral order doctrine.
 
 [4]
 
 However, the
 
 Mitchell
 
 decision is distinguishable inasmuch as it rested upon the particular nature of the qualified immunity doctrine for federal officials. Under federal case law, a federal official is immune for his harmful actions if the conduct does not violate a “clearly established law.” In finding a separate and collateral order, the
 
 Mitchell
 
 Court reasoned that a trial judges “legal determination that a given proposition of law was not clearly established at the time the defendant committed the al
 
 *570
 
 leged acts does not entail a determination of the ‘merits’ of the plaintiff’s claim that the defendant’s actions were in fact unlawful.”
 
 Id.,
 
 472 U.S. at 529 n.10. Thus, a trial court’s determination of a federal official immunity issue entails a conceptually different analysis than a determination of the merits of a plaintiff’s underlying action against the official. In other words, a trial court faced with a federal official immunity claim will be answering a different question. than that which it decides in the underlying action.
 

 In Pennsylvania, immunity is governed by statute. The merits of a plaintiff’s cause of action against government agencies and officers are likewise governed by the same statute. Thus, a trial court analyzing an immunity claim is actually deciding the same issues that will arise in the underlying action. Unlike matters of federal official immunity, the trial court’s interlocutory order denying an immunity claim under Pennsylvania law, is not separate from and collateral to the main cause of action.
 

 Bollinger’s suit against Obrecht and the School provides an illustrative example of an action where the issues decided in the order denying summary judgment are actual ingredients of the underlying case. The affirmative immunity defenses, being asserted in the pleadings, raise factual and legal issues to be decided in the main cause of action. Therefore, we conclude that the order is not separate and collateral.
 
 [5]
 

 
 *571
 
 CONCLUSION
 

 Obrecht and the Schools attempt to appeal the order is ineffective to invoke our appellate jurisdiction, because the order is not “final” and there is no applicable statute or rule allowing an appeal
 
 as of right.
 
 Pennsylvania law provides a vehicle for appellate review of such orders by certification and permission of the Court, but the parties have chosen not to utilize this procedure.
 

 Moreover, the order is not appealable under any recognized exception to the final judgment rule. In essence, Obrecht and the School are asking this Court to create a new exception, under the guise of the collateral order doctrine, for summary judgment denials involving immunity. We decline to do this by straining the collateral order doctrine or carving a new exception to the final judgment rule. Such a modification of the right to appeal in Pennsylvania’s scheme of appellate procedure must come from legislative action or Supreme Court promulgation of formal rules.
 
 See
 
 42 Pa. C. S. §§5105, 702; Pa. R.A.P. 311, 1311.
 

 Accordingly, we quash this appeal.
 

 Order
 

 Upon consideration of the motion to quash filed by Kellie Bollinger, a minor by Elsie Carraghan, her guardian, and Elsie Carraghan in her own right, the appeal is hereby quashed.
 

 Judge MacPhail did not participate in the decision in this case.
 

 Judge Barry concurs in the resulf only.
 

 [1]
 

 This action was initiated on behalf of Bollinger, a minor, by her guardian Elsie Carraghan, and by Elsie Carraghan in her own right.
 

 [2]
 

 We recognize that the subject of finality and appealability has presented difficult issues for Pennsylvania appellate courts, often resulting in uncertainty for litigants deciding whether to take an appeal.
 
 See, e.g., Grota v. LaBoccetta,
 
 425 Pa. 620, 230 A.2d 206 (1967) (order striking affirmative defense held final and appealable since it puts defendant “out of court” on the defense by precluding proof at trial), and
 
 Bruno v. Elitzky,
 
 515 Pa. 47, 526 A.2d 781 (1987) (Nix, C.J., and Hutchinson, J., dissenting) (order striking affirmative defense as a discovery sanction held interlocutory and nonappealable).
 

 Moreover, we agree with recent decisions articulating the need for clarification and reform in this area.
 
 Zarnecki v. Shepegi,
 
 367 Pa. Superior Ct. 230, 532 A.2d 873 (1987) (Del Sole, J., and Beck, J., dissenting);
 
 Grim v. Betz,
 
 372 Pa. Superior Ct. 614, 539 A.2d 1365 (1988) (Beck, J., concurring);
 
 National Recovery Systems v. Perlman,
 
 367 Pa. Superior Ct. 546, 533 A.2d 152 (1987). The difficulty appears to result from tension between two policy goals: (1) judicial efficiency and the restriction of piecemeal adjudication by, requiring a final judgment before allowing appeal; and (2) avoiding immediate harm to legal rights possibly affected by nonfinal interlocutory orders. R. Martineau, Modern Appellate Practice, Federal and State Civil Appeals §4.14 (1983). Notwithstanding any debate over which goal is more desirable, we must follow precedent which prescribes the general principles outlined in this opinion.
 

 [3]
 

 We note that federal case law on this issue is not binding precedent for Pennsylvania courts.
 

 [4]
 

 In
 
 Mitchell,
 
 the plaintiff sued the Attorney General of the United States for damages, based on the Attorney General’s allegedly unlawful wiretapping of plaintiff’s conversations.
 

 [5]
 

 Because we hold thát the instant order does not satisfy the first element of the collateral order doctrine, we need not decide whether the claimed rights are too important to be denied review and whether postponement of appeal will cause an irreparable loss of rights.
 
 Fried
 
 (all three elements must be satisfied).
 

 Obrecht and the Schools contention that Pennsylvania law confers immunity from suit—not merely damages— would be relevant only if we had to decide whether the instant order irreparably injures the purported right to avoid suit. However, even if they are immune from
 
 suit,
 
 the mere possibility of an irreparable loss of this
 
 *571
 
 loss of this right does not in itself satisfy the' collateral order doctrine.
 
 Id.
 

 We wish to emphasize that this is a case about
 
 appellate procedure.
 
 We will not now review contentions regarding substantive immunity rights because the case is not properly before this Court.