563 A.2d 586

**Edward SWEARER, Jr., Appellant,**

**v.**

**Leo C. KAROLESKI, et al., Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 4, 1989.

Decided Aug. 17, 1989.

336

Thomas G. Wagner, Meyer & Wagner, St. Marys, for appellant.

Edward V. Cherry and Paula M. Cherry, Gleason, Cherry and Cherry, P.C., DuBois, for appellees.

Before BARRY and COLINS, JJ., and KALISH, Senior Judge.

## OPINION

BARRY, Judge.

Edward Swearer, Jr., appeals a Clearfield County Common Pleas Court order granting the DuBois City Council's (DuBois) motion to dismiss Swearer's mandamus complaint.[1] We reverse and remand.

DuBois advertised that the city was accepting police officer applications. A "position fact sheet" was made available to the public, outlining job qualifications and responsibilities. Prospective applicants were required to pass a written examination, physical agility test, oral interview,

---

1. Swearer also appeals the trial court's denial of his peremptory judgment motion. Because the denial of a peremptory judgment motion is not a final order, it is not appealable. *Bollinger v. Obrecht,* 122 Pa. Commonwealth Ct. 562, 552 A.2d 359 (1989). Therefore, we quash that appeal.

medical examination, background examination, and a psychological examination.

Swearer returned his completed application, sat for the written examination, and attained 81.37 points out of 100. His score of 92.76 reflected the veterans' preference adjustment consistent with the City's personnel regulations [2] and Section 7103(b) of the act relating to veterans' preference.[3]

Swearer then completed the psychological examination. Applicants were advised that the test would be scored to determine "whether the candidate had the personality traits normally associated with effective police work," and that it was designed to detect misrepresentations that would disqualify a candidate.[4] Applicants were graded into five categories: Highly Recommended, Recommended, Acceptable, Poor Risk, and Do Not Hire. Swearer was classified as a "poor risk," and the Council consequently dropped his name from the list of eligible candidates.

The common pleas court rejected Swearer's constitutional challenge to the psychological test's validity and concluded that the examination conformed to the City's regulatory scheme.

Swearer contends that DuBois disregarded its personnel regulations in disqualifying him as a result of his psychological exam. He also maintains that his appointment is mandated under the veterans' preference act. DuBois counters that its decision was not based solely on the psychological evaluation, but represented a compilation of the psychological exam results, the background investigation, and the psychological examiner's opinion that Swearer misrepresented himself in answering exam questions. Therefore, the Council concludes, Swearer was not minimally qualified to become a police officer candidate and, thus, not eligible for veterans' preference.

2. City Code, personnel rules and regulations, Part II, Rule 306, record, p. 161a.

3. 51 Pa.C.S. § 7103(b).

4. Instructions to Police Candidates, Record, p. 159a.

██ Our scope of review of a common pleas court order granting a municipal officer's summary judgment motion to a mandamus complaint is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Douros v. Township of Newtown,* 108 Pa. Commonwealth Ct. 606, 530 A.2d 1002 (1987).

DuBois, organized and operating under The Third Class City Code (Code),[5] is required to "prescribe all necessary rules and regulations for the organization and government of the police force." Section 37001 of the Code, 53 P.S. § 37001. Accordingly, the Council adopted its Code of Personnel Rules and Regulations, setting forth criteria and qualifications used to evaluate city service applicants. Part II of the Rules apply to police officer candidates and provides, in relevant part:

> The examination for the position of police officer shall consist of the following parts:

| STEP | ELEMENT | PASSING SCORE | WEIGHTING |
|---|---|---|---|
| 1 | Physical Agility Test | Completion of all exercises | Pass/Fail |
| 2 | Written Examination | 70% | 70% |
| 3 | Oral Examination | 70% | 30% |
| 4 | Medical Examination | ------ | Pass/Fail |
| 5 | Psychological Examination | ------ | Pass/Fail |
| 6 | Background Examination | ------ | Pass/Fail |

> . . . .

> Passing Grades. The minimum passing grade for an examination of Police Officer ... shall be a score of seventy percent (70%) of each element (excluding Pass/Fail elements) of the examination. Every applicant for the position of police officer who receives a score of at least (70%) on the written examination, and who is entitled by law to additional credit for service in the Armed Forces of the United States shall have his/her score adjusted accordingly....

We note initially that Swearer's contention that he was denied veterans' preference is without merit. Neither party

5. Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §§ 35101–39601.

disputes that Swearer's raw score on the written examination was scaled to reflect his status as a soldier under the veterans' preference act, 51 Pa.C.S. § 7101 and § 7103(b). Therefore, up to that point in the application process, DuBois complied with veterans' preference requirements. However, we agree with Swearer's contention that the Council deviated from its regulations in disqualifying him.

The city personnel regulations do not delineate an actual passing score on the psychological exam. However, the rules state that that examination is to be "weighted" as Pass/Fail. Thus, in order to remain eligible for consideration as a candidate, the applicant must pass the psychological component of the application process. To fail would disqualify any applicant, and regardless of his or her score on the other test phases, the name would be removed from the list of eligibles.

Here, although Swearer was classified as a "poor risk," that category nevertheless represented that he had a 20% chance of becoming a superior and outstanding police officer, a 65% probability of becoming an average or acceptable police officer while only having a 15% chance of unacceptable performance. Thus, although categorized as a poor risk, Swearer demonstrated not only that he had an 85% probability of becoming an acceptable or superior police officer, but that he had a better chance of becoming a superior officer than an unacceptable officer. Candidates classified as "acceptable," on the other hand, were rated as having only a 5% better chance of becoming superior or acceptable, while at the same time having a 5% less chance of being unacceptable.[6]

Additionally, the grading system relied on by DuBois, while designed to be flexible, is actually ambiguous. For instance, if all the candidates tested were classified as being a "poor risk" or "do not hire," the examiner's report

6. Exhibit I, psychological testing report, John A. Johnson, Ph.D., examiner, record, p. 165a.

suggested that those in the "poor risk" classification should be selected.[7] Under that scenario, Swearer *would have passed* the examination and would have remained on the eligibility list. This Court interprets the DuBois regulations as mandating a Pass/Fail result regardless of the caliber of the pool of candidates undertaking the test at the time. Those rules specify that a candidate either passes or fails depending on a set standard. If all candidates are acceptable, all should pass and if no candidate possesses the psychological qualities necessary for effective police work, then no candidate should advance beyond the psychological test.[8] As applied to Swearer, the result of the psychological component appears to be an arbitrary disqualification. Moreover, the psychological examiner's report actually suggests that Swearer *passed* the exam. This Court cannot let stand the removal of an applicant previously graded as the highest eligible candidate based on a test this Court concludes is in deviation of the city's regulations. In order to insure and maintain the high standards established by the civil service laws, a municipality must strictly comply with their provisions. Substantial compliance is not sufficient. *Snizaski v. Zaleski,* 410 Pa. 548, 189 A.2d 284 (1963).

Accordingly, we must reverse the trial court's grant of summary judgment to DuBois. Having determined that DuBois' psychological test deviated from the regulations, and having reviewed the evidence showing that Swearer demonstrated, under the psychological test, an 85% chance of becoming an acceptable or superior police officer, we remand and direct that the lower court make findings as to whether Swearer passed or failed the exam. If it is found that he passed, Swearer's name should remain on the list of eligible candidates. If Swearer fails the exam, his name

7. *Id.*

8. Finally, common sense dictates that where a Pass/Fail result is required, a classification below that of failing is absurd. If the classification "Poor Risk" is failing, as DuBois contends, then the classification "Do Not Hire" is superfluous. Such a result is not presumed to be intended.

should be removed and he should be disqualified.[9]

## ORDER

The Clearfield County Common Pleas Court order, No. 87–982–C.D. dated September 29, 1988, is reversed and this case is remanded for proceedings consistent with this opinion. Swearer's appeal of that portion of the Common Pleas Court order denying his peremptory judgment motion is quashed.

Jurisdiction relinquished.

**9.** Both parties further allege factual issues in dispute. Swearer alleges that DuBois hired a candidate also graded as a poor risk. DuBois asserts that Swearer was disqualified because he was determined to have misrepresented himself on the examination. We perceive these contentions as collateral and non-material factual issues. Having previously determined that Swearer should be given an opportunity to retake an examination in conformance with the City's regulations, we need not address the parties' contentions.