634 A.2d 681

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,**

**v.**

**John APOSTOLIS and Eugenia Apostolis, t/a John's Place.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1993.

Decided Nov. 16, 1993.

664

Richard G. Parker, Asst. Counsel, for appellant.

George M. Patterson, II, for appellee.

Before SMITH and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) appeals from an opinion and order of the Court of Common Pleas of Beaver County that affirmed an order of the Pennsylvania Liquor Control Board (Board)

which remanded the matter back to the administrative law judge (ALJ).

John Apostolis and Eugenia Apostolis, t/a John's Place (Licensees) are holders of a restaurant liquor license, No. R–AP–SS–100999, issued by the Board. On January 23, 1991, the Bureau issued a citation directing the Licensees to show cause before the ALJ why such license should not be suspended or revoked or a fine imposed or both pursuant to Section 471 of the Liquor Code, 47 P.S. § 4–471. The citation contained two counts alleging that on July 27, 1990, and on divers other occasions in the past, the Licensees, by their servants, agents or employees 1) permitted a nineteen year old male minor to frequent their licensed premises in violation of Section 493(14) of the Liquor Code, 47 P.S. § 4–493(14), and 2) sold, furnished and/or gave alcoholic beverages to a nineteen year old male minor in violation of Section 493(1) of the Liquor Code, 47 P.S. § 4–493(1).

At an evidentiary hearing conducted before the ALJ on July 23, 1991, the minor testified that Al Cornelius (Cornelius), a male bartender employed by the Licensees, sold him four six-packs of beer at the licensed premises on July 27, 1990. The minor also testified that on approximately fifteen occasions during a five week period prior to July 27, 1990, he purchased beer at the licensed premises from either Cornelius or an unidentified female bartender. On cross-examination, the minor conceded that in a prior statement given to the Bureau, he had stated that the unidentified female bartender was the person who sold him beer on July 27, 1990. Cornelius testified that he was in jail on July 27, 1990 and denied ever selling alcohol to the minor. John Apostolis corroborated Cornelius' testimony that he was not tending bar at the licensed premises on July 27, 1990 because he was incarcerated.

At the conclusion of the hearing, the ALJ noted the absence of any documentation that Cornelius was neither working at the licensed premises nor in jail on July 27, 1990. The ALJ thereafter concluded that the Bureau established by a preponderance of the evidence that the Licensees by their bartenders sold malt or brewed beverages to the minor on July 27, 1990

and on approximately fifteen prior occasions as alleged in the citation. By order dated September 30, 1991, the ALJ imposed a fine of $1,100.00.[1] The Licensees appealed the ALJ's decision to the Board which remanded the case to the ALJ to permit the record to be reopened so that the Licensees may be given an opportunity to present documentary evidence of Cornelius' alleged incarceration.

The Licensees appealed the Board's decision to the Court of Common Pleas of Beaver County. The trial court determined that the Board's order remanding the matter to the ALJ was not a final and appealable order and thus ordered that the Board's order shall remain in effect.

The Bureau filed this appeal alleging that the trial court erred in affirming the decision of the Board. The Bureau contends that the Board does not have the authority, *sua sponte,* to remand a case to the ALJ and to order the reopening of the record. The Bureau asserts that, pursuant to Section 471 of the Liquor Code, 47 P.S. § 4–471, the Board's scope of review is limited to determining whether the ALJ's decision is supported by substantial evidence. Before we are able to address the merits of the Bureau's appeal, we must first determine whether the trial court properly concluded that the Board's order was not final and therefore not appealable.

In accordance with Section 933 of the Judicial Code, 42 Pa.C.S. § 933, the common pleas court's jurisdiction is limited by statute to appeals from final orders of government agencies.[2] An interlocutory order or decree is not appealable unless expressly made so by statute. *See Commonwealth v. 1316, Inc.,* 48 Pa.Commonwealth Ct. 514, 410 A.2d 906 (1980), *citing McGee v. Singley,* 382 Pa. 18, 114 A.2d 141 (1955).

1. Solely for the imposition of a penalty, the ALJ deemed counts one and two of the citation to have merged since both counts arose from the same factual circumstances.

2. An order constitutes a "final order" if it (1) ends the litigation or disposes of the entire case; (2) effectively puts a litigant "out of court"; or (3) precludes a party from presenting the merits of his or her claim to the trial court. *See Bollinger by Carraghan v. Obrecht,* 122 Pa.Commonwealth Ct. 562, 552 A.2d 359 (1989).

Although the parties have not raised the issue, appellate jurisdiction of an interlocutory order may not be assumed even with the consent of the parties. *See Dames v. Pottstown Borough,* 212 Pa.Superior Ct. 178, 239 A.2d 815 (1968).

Since the Board did not reverse the ALJ but remanded the matter so that a complete record could be made, it is undisputed that the Bureau is seeking review of an interlocutory order.

## ORDER

AND NOW, this 16th day of November, 1993, the order of the Court of Common Pleas of Beaver County is vacated and the matter is remanded to the Court of Common Pleas of Beaver County with directions to quash the appeal of the Pennsylvania State Police, Bureau of Liquor Control Enforcement.

Jurisdiction relinquished.