**Sergey MAKAROV Appellee**

v.

**Frank LUKENDA and Eileen Lukenda Appellant.**

Superior Court of Pennsylvania.

Argued June 23, 2004.

Filed Aug. 4, 2004.

Claire Neiger, Philadelphia, for appellants.

Andrew P. Baratta, Huntingdon Valley, for appellee.

Before: HUDOCK, ORIE MELVIN and MONTEMURO *, JJ.

MONTEMURO, J.

¶ 1 Appellants Frank and Eileen Lukenda appeal from the December 11, 2003, Order of the Philadelphia County Court of Common Pleas denying their petition for issuance of a foreign subpoena of non-party treating physicians Dr. Felix Shapiro and Dr. Angela Giverts (Appellee physi-

---

\* Retired Justice assigned to Superior Court.

cians). For the following reasons, we quash.

¶ 2 This appeal arises from a personal injury matter filed in the Superior Court of New Jersey by Appellee Sergey Makarov following an August of 2000 motor vehicle accident with Appellants. Appellee Makarov allegedly sustained injuries requiring treatment from Appellee physicians at their Pennsylvania-based chiropractic center. After the doctors failed to appear for their August 12, 2003, depositions, Appellants petitioned for, and were granted, the New Jersey Superior Court's permission to seek a foreign subpoena.

¶ 3 Appellants' initial petition for the foreign subpoena was dismissed for failure to serve Appellees or their attorney. Appellants were granted leave to re-file, however, and they did, this time with proper service. On November 21, 2003, the trial court held a limited hearing, after which the parties were given an additional seven days to file supplemental memoranda. The court ultimately denied the petition and this timely appeal followed.[1]

■ ¶ 4 Appellants now contend that the trial court erred in dismissing their petition because an out of state commission had been granted and the prospective deponents possess knowledge materially relevant to the underlying action. Appellants base their appeal on the theory that the Pennsylvania trial court was precluded from reviewing the order of a foreign tribunal and was required to grant full faith and credit to that order.

■ ¶ 5 Generally, discovery orders are not appealable as they do not dispose of the litigation. *See Gocial v. Independence*

*Blue Cross*, 827 A.2d 1216, 1220 (Pa.Super.2003). However, Pennsylvania Rule of Appellate Procedure 313 provides that appeals may be taken from collateral orders, that is, those which are "separable from and collateral to the main cause of action where the right is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313. Instantly, though, some of the information sought, namely, the extent of Makarov's injuries, pertains directly to the ultimate issue in the underlying personal injury matter. Thus, we find the order interlocutory and not properly before this Court. *See In Re Estate of Israel*, 435 Pa.Super. 347, 645 A.2d 1333, 1337–38 (1994) (holding that discovery order compelling production of material with potential to determine ultimate issues of action not collateral).

¶ 6 We note that interlocutory orders may be appealed if accompanied by a 42 Pa.C.S.A. § 702(b) trial court certification stating that the "order involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an … appeal … may materially advance the ultimate termination of the matter," and permission is granted by the appellate court. *Hoover v. Welsh*, 419 Pa.Super. 102, 615 A.2d 45, 46 (1992), *appeal denied*, 535 Pa. 659, 634 A.2d 222 (1993) (citing 42 Pa.C.S.A. § 702(b)). Here, however, the trial court's declaration that the order should be appealable because the court "invited the parties to submit memorandum of law, and this is not a usual case," (Trial Ct. Op., 2/25/04, at 2),

---

1. In its Opinion, the trial court mentions, but does not elaborate upon, a deep and contentious history between Appellants' counsel and Appellee physicians. *See* Trial Ct. Op., 2/25/04, at 2. Apparently, the doctors had already been deposed several times in unrelated matters concerning their treatment methods and practice policies, making Appellants' current request at least partly cumulative. *Id.*

fails to satisfy Section 702(b). *See Hoover, supra.*

¶ 7 Even were we to review the merits of this appeal, however, we would find Appellants' full faith and credit argument unpersuasive as the New Jersey order does not affirmatively grant Appellants the right to depose the physicians. *See* New Jersey Order, 9/12/03, at 1; Trial Ct. Op., 2/25/04, at 2. Instead, it merely gives Appellants leave to pursue a foreign subpoena in a Pennsylvania court, which they did, albeit unsuccessfully. Accordingly, we quash.

¶ 8 Appeal quashed.