IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alice Adcock                          :
                                      :
            v.                        :
                                      :
Telford Borough and Alice Clemens     :
                                      :   No. 2730 C.D. 2015
 Appeal of:  Telford Borough          :   Argued:  October 17, 2016


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                    FILED:  February 22, 2017


        Telford Borough, Appellant, appeals from the November 30, 2015
order of the Montgomery County Court of Common Pleas (trial court) denying its
motion for summary judgment.  Upon review, we quash the present appeal as
interlocutory.

        Alice Adcock, Appellee, filed an action against Appellant and
landowner, Defendant Alice Clemens, for injuries sustained in a slip and fall.
Appellee settled with Defendant Clemens and signed a joint tortfeasor release
releasing Defendant Clemens from liability.  (Appellant's Reproduced Record
(RR) at 78-81.)  Appellant filed a motion for summary judgment that alleged
governmental immunity under Section 8541 of what is commonly called the
Political Subdivision Tort Claims Act.[1]  Appellant argued it could only be

_____
    [1] 42 Pa.C.S. § 8541.

secondarily liable for Ms. Adcock's injuries under the Sidewalks Exception[2] to its governmental immunity. Appellant therefore concluded that, as Defendant Clemens was the primarily-liable party and was released, all claims against Appellant, the secondarily-liable party, were extinguished as a matter of law. Without opinion, the trial court denied Appellant's motion for summary judgment by its November 30, 2015 order.

On December 14, 2015, Appellant filed a motion to amend the trial court's order for certification of the order denying summary judgment for an interlocutory appeal by permission.[3] The trial court did not act on the motion and, therefore, it was deemed denied. (Pa.R.A.P. 1311(b).) On December 30, 2015,

---

[2] 42 Pa.C.S. § 8542 establishes exceptions to governmental immunity. In pertinent part, Section 8542 states:

> (b) Acts which may impose liability.--The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . . .
>
> (7) Sidewalks.--A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable.

42 Pa.C.S. § 8542(b)(7).

[3] *See* 42 Pa.C.S. §702(b); Pa.R.A.P. 1311.

Appellant filed with this Court what is labeled "Petition For Review of Telford Borough Under Pa. R.A.P. 313 and 1511 et seq." Determining that Appellant was attempting to appeal the order denying summary judgment as a collateral order, the Chief Clerk advised the Prothonotary of the trial court that Appellant was attempting to appeal, and directed the Prothonotary to process the "petition" as a notice of appeal. (Pa.R.A.P. 905.)

On appeal,[4] Appellant raises two issues:

1) Whether the Trial Court's November 30, 2015 Order is appealable under the collateral order doctrine.

2) Whether the Trial Court committed an error of law and/or abused its discretion in holding that Appellant Telford Borough is not entitled to judgment as a matter of law.

(Appellant's Brief at 1-2.)

Before addressing the merits of Appellant's appeal, we must determine whether this matter is properly before us since we do not have jurisdiction over non-appealable orders. "In determining appealability of orders, Pennsylvania courts adhere to the 'final judgment rule,' which holds that an appeal will lie only from a final order unless otherwise permitted by statute or rule." *Bollinger by Carraghan v. Obrecht*, 552 A.2d 359, 361 (Pa. Cmwlth. 1989) (*citing Fried v. Fried*, 501 A.2d 211 (Pa. 1985); Pa.R.A.P. 341(a)). Additionally, our courts have followed *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541 (1949) which created an exception, referred to as the collateral order doctrine,

---

[4] Our scope of review of a grant or denial of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Bullard v. Lehigh-Northampton Airport Authority*, 668 A.2d 223, 225 n. 2 (Pa. Cmwlth. 1995).

to the finality requirement for certain orders which are collateral to the main cause of action. *See Bollinger*, 552 A.2d at 362.

Under the collateral order doctrine, such orders are deemed appealable if "(a) the order is separable and collateral to the main cause of action; (b) the right involved is too important to be denied review; and (c) the issue is such that, if the resolution would be postponed until final judgment, it would be lost." *Gwiszcz v. City of Philadelphia*, 550 A.2d 880, 881 (Pa. Cmwlth. 1988). All three prongs must be met in order for the rule to apply. *Fried*, 501 A.2d at 214. As explained by our Supreme Court, we follow the United States Supreme Court in interpreting this rule narrowly.

> The United States Supreme Court has stated that the "collateral order doctrine" must be narrowly applied lest it be allowed to swallow the general rule, and has characterized the requirements for an appealable collateral order as "stringent." Although in Pennsylvania the doctrine has been reduced from case law and set forth in our Rules of Appellate Procedure as establishing a class of orders that may be appealed as of right, it nevertheless remains a specialized, practical application of the general rule that only final orders are appealable as of right.

*Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999) (citations omitted).

The first prong of the collateral order doctrine "ensures that the order is sufficiently removed from the main cause of action so that the appellate court does not review matters which are ingredients of the underlying case." *Bollinger*, 552 A.2d at 362. Therefore, "we must inquire whether the claimed rights affected by the order are also ingredients of the main cause of action." *Id.* The claimed right must be "independent and conceptually distinct" from what is to be decided in the underlying case. *Id.* at 362.

4

Regarding the first prong, Appellant argues, without clarification, "the issue addressed by the Order is separate from the underlying negligence lawsuit because it is conceptually distinct from the merits of Adcock's claim." (Appellant's Brief at 7-8.) In its reply brief, Appellant again argues that "whether all claims against the Borough were extinguished upon [release of the primarily-liable party] is purely a legal question that does not require analysis of the merits of [Appellee's] negligence claim." (Appellant's Reply Brief at 2.)

In the underlying case, Appellee alleged Appellant had primary liability under the Real Property Exception[5] and secondary liability under the Sidewalks Exception. (Appellee's Brief at 9-10.) Appellee argues Appellant could be liable under the Real Property Section if it is determined "the poorly designed and installed sidewalk constituted a dangerous condition arising from care, custody, and control of the real property." (Appellee's Brief at 10.) Appellee further argues Appellant is liable under the Real Property Exception as the portion of the pavement which caused her fall was improperly designed. (Appellee's Brief at 10.)

---

[5] (b) Acts which may impose liability.--The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) Real property.--The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, "real property" shall not include:

. . . .

(iv) sidewalks.

42 Pa.C.S. § 8542(b)(3)(iv).

5

Appellant asserts it cannot be liable under the Real Property exception as the language of the exception excludes sidewalks from its application. (Appellant's Brief at 6.) Appellant further argues it is immune to Appellee's suit as, pursuant to the Sidewalks Exception, it can only be secondarily-liable and, under Pennsylvania law, "all claims against the secondarily-liable party are extinguished upon release of the primarily-liable party." (Appellant's Brief at 5-6.)

Appellant's liability under the Real Property Exception or the Sidewalks Exception has not yet been determined. For this Court to do so would require evaluation of whether Appellee's improper ramp design allegation falls under the Real Property Exception to Appellant's governmental immunity. As such, deciding Appellant's immunity claim requires reviewing factual and legal issues, or ingredients, to be decided in the main cause of action. In other words, it is not independent and conceptually distinct from what must be decided in the underlying case. Accordingly the instant order is not separable and collateral to the main cause of action.

Because we hold it does not satisfy the first element of the collateral order doctrine, we need not decide whether the claimed right is too important to be denied review or whether postponement of appeal will cause an irreparable loss of rights. *Fried*, 501 A.2d at 214. As we determine the present appeal to be interlocutory, we do not reach the merits of Appellant's second issue.

Accordingly, we quash this appeal.

                              _____

                              JOSEPH M. COSGROVE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alice Adcock                       :

            :

         v.                  :

            :

Telford Borough and Alice Clemens   :

            :   No. 2730 C.D. 2015

Appeal of:  Telford Borough      :

# O R D E R

AND NOW, this 22nd day of February, 2017, the appeal of Telford Borough is hereby quashed.

_____
JOSEPH M. COSGROVE, Judge