IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : 
by Attorney General Josh Shapiro : 
  : 
      v. : No. 945 C.D. 2022
  : Submitted: May 26, 2023
Natalie Harth, individually and doing : 
business as Harth Enterprise, : 
                Appellant : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                            FILED:  March 19, 2024

      Natalie Harth, individually and doing business as Harth Enterprise (Appellant), appeals from the order of the Luzerne County Court of Common Pleas (trial court), entered July 6, 2022, denying Appellant's motion for a protective order and granting the motion of the Commonwealth of Pennsylvania (the Commonwealth) to compel compliance with a subpoena of the Office of the Attorney General (OAG).  After careful review, we quash the appeal for lack of appellate jurisdiction.

## I. BACKGROUND

      In 2022, the Commonwealth opened an investigation[1] into Appellant's business practices after receiving information that her conduct as a home improvement contractor might have violated the Home Improvement Consumer

---

[1] *See* Section 918 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, added by the Act of December 17, 1968, P.L. 1221, 71 P.S. § 307-2.

Protection Act[2] (HICPA) and the Unfair Trade Practices and Consumer Protection Law[3] (UTPCPL). *See* Mot. to Compel, 5/20/22, at 3. On February 24, 2022, the Commonwealth issued a subpoena[4] requesting that Appellant supply the Commonwealth with information and documents relating to the investigation.[5] *See id.*

After Appellant failed to respond to the subpoena, the Commonwealth filed a motion to compel compliance. *See* Mot. to Compel at 1-6. Appellant filed an answer in opposition to the motion and a motion for entry of a protective order, averring that the subpoena 1) sought private and legally protected information; 2) was overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; and 3) was made in bad faith and an effort to intimidate Appellant. *See* Answer, 6/16/22, at 1; *see* Mot. for Protective Order, 6/16/22.

The trial court issued a rule to show cause and scheduled argument on the motions. On July 5, 2022, the parties appeared before the trial court for oral argument. On July 6, 2022, the trial court issued an order denying Appellant's motion for a protective order and granting the Commonwealth's motion to compel compliance with the subpoena. *See* Order, 7/6/22. The order further directed

---

[2] Act of October 17, 2008, P.L. 132, 73 P.S. §§ 517.1-517.18.

[3] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-1 - 201-9.3.

[4] *See* Section 919 of The Administrative Code, 71 P.S. § 307-3 (authorizing the OAG to require the production of books, accounts, papers, records, documents, or files relating to any commercial or trade practices which the Bureau of Consumer Protection has authority to investigate).

[5] On March 29, 2022, Appellant filed a motion seeking a protective order. *See* Mot. to Compel, 5/20/22, at 3. The Commonwealth requested that Appellant comply with the subpoena and withdraw the motion because it was improperly filed on the wrong docket. *See* Mot. to Compel, 5/20/22, at 3-4. Regardless, the Commonwealth filed a motion to strike the motion, and after Appellant withdrew the motion by praecipe, the Commonwealth withdrew its motion to strike. *See id.*

Appellant to comply with the subpoena within 30 days of the date of the order. *See id.*

Appellant timely appealed to this Court.[6]

## II. ISSUES

Appellant contends that the trial court's order denying her motion for a protective order and granting the Commonwealth's motion to compel compliance is appealable.[7] *See* Appellant's Br. at 7.

## III. DISCUSSION

### A. The Parties' Arguments

Appellant contends that the order is appealable. *See* Appellant's Br. at 10. According to Appellant, in the instant case, the Commonwealth has not filed a complaint, petition, or action against her, and accordingly, there is no underlying litigation to be disposed of before the trial court's order could be appealed. *See id.*

In the alternative, Appellant suggests that the order is an appealable collateral order pursuant to Pa.R.A.P. 313. *See id.* at 11-12. Appellant does not raise a meaningful argument on this point but, rather, baldly asserts that the order is separable and collateral to the main cause of action, *i.e.*, the Commonwealth's investigation. *See id.* at 11. Further, according to Appellant, the rights involved are too important to be denied review, and the question presented is such that, if the

---

[6] On December 12, 2022, this Court ordered the parties to address the appealability of the order in briefs. *See* Cmwlth. Ct. Order, 12/12/22 (citing *Makarov v. Lukenda*, 856 A.2d 163, 164 (Pa. Super. 2004)). The appealability of an order goes to the jurisdiction of this Court, an issue the Court may raise *sua sponte*. *Lin v. Bd. of Revision of Taxes of the City of Phila., Off. of Unemployment Comp. Tax Servs.*, 137 A.3d 637, 642 (Pa. Cmwlth. 2016).

[7] Appellant additionally contends that 1) the trial court abused its discretion entering the order and 2) the trial court's findings were not supported by substantial evidence. *See* Appellant's Br. at 7. Based upon our disposition of the first issue, we need not consider Appellant's additional issues.

3

review is postponed until the final judgment in the case, her claims will be irreparably lost. *See id.* at 11-12.

In response, the Commonwealth asserts that this Court does not have appellate jurisdiction over an interlocutory order enforcing an administrative subpoena. *See* Commonwealth's Br. at 11-12 (citing *Pa. Hum. Rels. Comm'n v. Landsdowne Swim Club*, 526 A.2d 758, 761 n.2 (Pa. 1987)). The Commonwealth also rejects Appellant's assertion that the order is a collateral, appealable order pursuant to Pa.R.A.P. 313. *See* Commonwealth's Br. at 13. The Commonwealth argues that the enforcement of a subpoena is inseparable from the investigation; that Appellant has failed to establish that the requested documents are legally protected or privileged, and thus no right too important to be denied review attaches; and, finally, that the question presented will not be irreparably lost.[8] *See id.* at 13-15. This is because Appellant is entitled to a merits review following the agency's issue of a final order. *See id.* at 14-15.

### B. Analysis

This Court has jurisdiction over appeals from final orders of the courts of common pleas in civil actions or proceedings by the Commonwealth government. *See* 42 Pa.C.S. § 762. An interlocutory order is not a final, appealable order, and this Court may not assume appellate jurisdiction over an interlocutory order even

---

[8] In her Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal, Appellant mentions that the subpoena seeks "privileged" information and information protected by "attorney-client privilege" but offers nothing more on these points. *See* Pa.R.A.P. 1925(b) Statement, ¶¶ 6, 10. The trial court did not address this boilerplate language, and Appellant has failed to develop it in a meaningful fashion in her argument on appeal. Her brief merely asserts that the information requested is "private and legally protected." *See* Appellant's Br. at 15. Accordingly, we decline to address this on appeal. *See Commonwealth v. Brown*, 196 A.3d 130, 185 n.21 (Pa. 2018) (declining to analyze cited decisions where counsel failed to develop an accompanying argument; appellate courts are "neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter.")

with the consent of the parties. *See Pa. State Police, Bureau of Liquor Control Enf't v. Apostolis*, 634 A.2d 681, 682-83 (Pa. Cmwlth. 1993).

Generally, discovery orders are not appealable because they do not dispose of litigation. *See Makarov v. Lukenda*, 856 A.2d 163, 164 (Pa. Super. 2004).[9] An order granting enforcement of a subpoena is "not subject to [appellate review] because it is interlocutory." *Landsdowne Swim Club*, 526 A.2d at 761 n.2. This is because such an order does "not place the party against whom the subpoena is enforced 'out of court.'" *See id.* (citing *Pugar v. Greco*, 394 A.2d 542 (Pa. 1978)). Rather, such an order "compels that party to produce material necessary for the agency to conduct an investigation pursuant to its statutory powers. The party is not precluded from presenting its defense to the agency, should the agency determine there is probable cause to proceed on the merits." *See Landsdowne Swim Club*, 526 A.2d at 761 n.2. Finally, "the party would be entitled to review by [this Court] on the merits once the agency had issued a final order." *See id.*

Although generally interlocutory orders are not appealable, Pa.R.A.P. 313 provides that appeals may be taken from collateral orders, that is, those which are "separable from and collateral to the main cause of action where the right is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." *See* Pa.R.A.P. 313. However, where the information sought "pertains directly to the ultimate issue" in the underlying matter, the order is interlocutory and not collateral. *See Makarov*, 856 A.2d at 164.

---

[9] While Superior Court decisions are not binding on this Court, they offer persuasive precedent where they address analogous issues. *See Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

Accordingly, the instant order granting enforcement of the subpoena is an interlocutory order. It does not place Appellant out of court: she may still present her defenses to the agency, should the Commonwealth determine that there is probable cause to proceed on the merits. *See Landsdowne Swim Club*, 526 A.2d at 761 n.2. Nor is the order an appealable collateral order; Appellant's business records "pertain[] directly to the ultimate issue" in the underlying matter, namely, whether Appellant has violated various trade practices laws of the Commonwealth. *See Makarov*, 856 A.2d at 164.

## IV. CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction in this matter and, accordingly, quashes Appellant's appeal. *See Landsdowne Swim Club*, 526 A.2d at 761 n.2; *Makarov*, 856 A.2d at 164.

 

 

LORI A. DUMAS, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
by Attorney General Josh Shapiro :
                                :
           v.               :    No. 945 C.D. 2022
                                  :
Natalie Harth, individually and doing :
business as Harth Enterprise, :
                  Appellant :

# **O R D E R**

AND NOW, this 19th day of March, 2024, the instant appeal from the order entered in the Court of Common Pleas of Luzerne County, July 6, 2022, is QUASHED.

 

                                     _____

                                     LORI A. DUMAS, Judge