482 A.2d 979

V.P. GOTTSCHALL, Appellant,

v.

JONES & LAUGHLIN STEEL CORPORATION.

V.P. GOTTSCHALL, and V.P. Gottschall, as custodian under the Uniform Gifts to Minors Act for Nicholas P. Gottschall and Teresa Gottschall, Minors, All In Their Own Behalf, and for all others similarly situated

v.

JONES & LAUGHLIN STEEL CORPORATION, A Corporation, and Paul Thayer, Raymond A. Hay, Thomas C. Graham, G.E. Smith and D.T. Kalil.

Appeal of V.P. GOTTSCHALL.

Superior Court of Pennsylvania.

Argued May 15, 1984.

Filed Sept. 7, 1984.

Reargument Denied Nov. 9, 1984.

Petition for Allowance of Appeal Denied April 16, 1985.

V. Gottschall, Pittsburgh, in propria persona.

Donald C. Winson, Pittsburgh, for appellee.

Before CAVANAUGH, POPOVICH and HESTER, JJ.

HESTER, Judge:

Appellant, as both named party-plaintiff and counsel of record for the class of plaintiff shareholders, instituted a class action against his former employer, Jones & Laughlin Steel Corporation (hereinafter referred to as "J & L"), and

five individuals who were officers of J & L and/or its parent. Appellant was an attorney for J & L from 1969 until his termination in 1979. From 1971 through 1979 he was an Assistant Secretary of J & L and from 1976 through 1979 he was an Assistant General Counsel of J & L. Appellant had responsibility for J & L's compliance with securities law.

Appellant, at the time this suit was initiated, October 29, 1980, was a preferred shareholder in J & L along with his two children. Appellant alleges in this class action, *inter alia*, appellees depressed the price of the preferred stock, failed to disseminate information and issued erroneous material information to the class.

As both plaintiff and counsel, appellant subsequently filed another lawsuit against J & L requesting the involuntary dissolution of J & L pursuant to § 2107 of the Pennsylvania Business Corporation Law. 15 P.S. § 1001 et seq.

In both suits appellees petitioned the lower court to disqualify appellant as plaintiff and counsel of record. Appellees assert appellant's lawsuits breach the attorney-client privilege and undermine the Pennsylvania Code of Professional Responsibility, Canons 4 and 9. Canon 4 prohibits an attorney from using client confidences in suits against a former client. Canon 9 prohibits the appearance of impropriety.

In support of its petitions to disqualify appellant, appellees submitted to the trial judge appellees' affidavits and documents from J & L's files to demonstrate that appellant's past representation of J & L was substantially related to the subject matter of the present actions. Subsequently, appellant filed in both suits petitions to disqualify counsel for J & L.

The trial judge scheduled a hearing to resolve the petitions to disqualify and stayed both actions pending resolutions of the petitions. Concomitantly, the trial judge issued protective orders in both suits to insure the confidentiality of J & L's documentation of their espoused attorney-client

privilege until the hearing conducted to resolve the matters set forth in the petitions.

Appellant then appealed the protective orders in both actions. Upon appellant's motion, this Court stayed the trial court's hearing to resolve the petitions to disqualify. Appellees moved to quash the appeals on the basis that they were interlocutory. This Court directed the parties to brief and argue the jurisdictional propriety of the appeals together with the merits.

This Court consolidated the appeal in the action requesting involuntary dissolution of J & L (No. 267 Pittsburgh, 1981) with the appeal in the class action (No. 59 Pittsburgh, 1981).

The protective order at No. 59 Pittsburgh, 1981 seals those portions of the record pertaining to appellee's petition to disqualify appellant. Additionally, appellant or any other counsel of record for plaintiffs is prohibited from disclosing the contents of the sealed portions to third parties.[1] At No. 267 Pittsburgh, 1981, the order prohibits disclosure to third parties, but excepts potential counsel for appellant who agree to be bound by the order, however, written notice must be given to appellees before appellant consults with proposed counsel.[2]

1. The Order on Appeal at No. 59 Pittsburgh, 1981 reads as follows:
   AND NOW, to wit, this 30 day of December, 1980, upon consideration of defendant's December 29, 1980 Motion, it is hereby ordered that, until further order of court: (1) defendants' Petition for Disqualification, the Affidavit of D.T. Kalil with attached exhibits, the Affidavit of J.P. Kelly and defendants' Brief supporting its Petition for Disqualification as well as any responsive proceedings relating to defendants' Petition for Disqualification be kept confidential and under seal such that they are not made part of the public record in this case, and (2) Mr. Gottschall and any other counsel of record for plaintiffs in this action refrain from disclosing to any third party the nature or contents of those parts of the record made confidential by the within order.
   By the Court
   /s/ Silvestri, J.

2. The Order on Appeal at No. 267 Pittsburgh, 1981 reads as follows:
   AND NOW, to wit, this 29th day of January, 1981, upon consideration of the January 29, 1981 Motion filed by Jones and Laughlin Steel Corporation ("J & L"), it is hereby ordered that, until further

Appellant argues the protective orders are final, collateral and injunctive, and therefore, this Court has subject matter jurisdiction to hold the orders are a restraint on appellant's First Amendment rights and his right to secure counsel.

We cannot agree. Appellate jurisdiction attaches only to "final orders", 42 Pa.C.S.A. §§ 702, 742, and in determining what constitutes a final order we consider the principles set forth by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and by the Pennsylvania Supreme Court in *Piltzer v. Independence Federal Savings and Loan Assn.*, 456 Pa. 402, 319 A.2d 677 (1974) and *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978).

A final order is one which ends the litigation, or alternatively, disposes of the entire case. *Piltzer, supra.* The protective orders do not preclude appellant from further litigating his actions in the lower court, but rather, provide safeguards necessary to protect appellees' asserted attorney-client privilege pending appellees' actual proof of the existence of that privilege.

order of court: (1) J & L's Petition for Disqualification of Mr. Gottschall, the Affidavits of D.T. Kalil and J.P. Kelly with attached exhibits and J & L's Brief supporting its Petition for Disqualification of Mr. Gottschall, be kept confidential and under seal such that they are not made part of the public record in this case and (2) Mr. Gottschall and any other counsel of record for Mr. Gottschall in this action refrain from disclosing to any third party the nature or contents of those parts of the record made confidential by the within order; provided, that Mr. Gottschall and any other counsel of record for plaintiff in this action may disclose the nature or contents of those parts of the record made confidential by this order if (i) such disclosure is limited to an attorney being consulted for purposes of possibly becoming additional counsel of record for plaintiff in this action, (ii) such disclosure is made only after prior written notice to counsel of record for J & L of the name and address of the attorney to whom such disclosure is proposed to be made and (iii) such disclosure is made only to an attorney who is not presently involved in any other litigation concerning J & L and who agrees to be bound by the terms of this order.

By the Court

/s/ Silvestri, J.

We must consider the practical ramifications of the orders to ascertain if they terminate appellant's actions. *Conaway v. 20th Century Corp.*, 491 Pa. 189, 420 A.2d 405 (1980); *Gordon v. Gordon*, 293 Pa.Super.Ct. 491, 439 A.2d 683 (1981), *aff'd. mem.*, 498 Pa. 570, 449 A.2d 1378 (1982).

In *Conaway*, the trial court sustained defendant's preliminary objections in the nature of a demurrer to plaintiff's complaint. The trial court dismissed plaintiff's action, and sustained the demurrer "in accordance with the above opinion." The above opinion invited, via "reconsideration", the plaintiff to add to the record. The Pennsylvania Supreme Court stated:

> Hence, whatever finality the court expressed on the one hand, it destroyed on the other, and *the practical ramification of the order* of September 29, 1975 was not to put Conaway out of court. Accordingly, the order of September 29, 1975 was not final. [emphasis added].

491 Pa. at 197, 420 A.2d at 409.

Instantly, the orders restrict for a limited period and to a limited class appellant's dissemination of the protected information. Appellant still has the ability to litigate the merits of the petitions to disqualify. The orders sufficiently insure appellant's right to secure counsel. Appellant may in fact be disqualified based on the protected information, but that is the issue to be decided at the pending lower court hearing on the petitions to disqualify.

> The appealability of an order or judgment must be determined as of the time the appeal therefrom is filed. If the order appealed from is interlocutory, the appeal may be quashed immediately upon motion. See: Pa.R.A.P. 1972. In such cases, the lack of jurisdiction to entertain an appeal from the interlocutory order cannot be corrected by subsequent events in the same action.

*Praisner v. Stocker*, 313 Pa.Super.Ct. 332, 343 n. 4, 459 A.2d 1255, 1261 n. 4 (1983).

Appellant propounds that his communication with the press, other attorneys or experts, etc., limited by the protective orders, is a matter which is separable from and collat-

eral to the main cause of actions and therefore, the orders are final as determined by the three-part test announced in *Cohen v. Beneficial Industrial Loan Corporation, supra.*

> In *Cohen,* the issue was the appealability of an order, collateral to a stockholders' derivative action, which denied a petition to require the plaintiff to post security to cover defendant's expenses and counsel fees if plaintiff's action proved unsuccessful. The Supreme Court held the order appealable because the claim adjudicated was "separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Praisner v. Stocker,* 313 Pa.Super.Ct. at 342, 459 A.2d at 1261 (quoting *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. at 546, 69 S.Ct. at 1225, 93 L.Ed.2d at 1536).

Appellant's interpretation of the protective orders is too restrictive. Appellant considers only the fact that information is placed under seal and that his ability to disseminate that information is restricted. Appellant fails to acknowledge the significance the information may have to the underlying actions. The information placed under seal has the potential to determine the ultimate issues of liability, or alternatively to disqualify appellant from pursuing the merits of the actions. Therefore, the orders directly relate to the main causes of action.

The *Cohen* test is applicable only to determine the appealability of an order which is collateral to the main action. *Praisner, supra.* Since appellant fails to satisfy the first requirement in the three-part *Cohen* test, it is not necessary to consider herein the remaining two requirements.

Appellant erroneously defines the protective orders as injunctions and therefore, appealable as of right pursuant to Pa.R.A.P. 311(a)(4). Appellant relies on *Rosenzweig v. Factor,* 457 Pa. 492, 327 A.2d 36 (1974), as authority for his

position that the protective orders maintain the status quo and therefore, are special injunctions.

The lower court in *Rosenzweig, Id.,* failed to follow the mandatory procedure before issuing the special injunction directing appellant to deposit the controverted funds in escrow. Although ample time existed, the injunction was issued without a hearing or prior notice, and without a showing of irreparable injury.

Appellant suffers no irreparable injury. This Court's jurisdiction cannot automatically be conferred because unlike the funds in *Rosenzweig, Id.,* the sealed information will remain available for future dissemination if appellant prevails on appellees' petitions to disqualify appellant. Appellant cannot complain that the lapse of time will nullify the importance of the protected information, as he requested the stay of the hearing on the petitions to disqualify.

The protective orders are not injunctions as they acknowledge the continuing attorney-client privilege. They are a means to avoid potential contravention of the policies underlying Canons 4 and 9 of the Pennsylvania Code of Professional Responsibility.

Since this Court lacks subject matter jurisdiction, we cannot consider the merits of these consolidated appeals.

Orders affirmed. Appeals quashed.