581 A.2d 578

Samuel C. HUTCHISON

v.

Father Francis LUDDY, Bishop James Hogan, Monsignor Thomas Madden, Monsignor Roy F. Kline, Monsignor Paul Panza, Monsignor Ignatius Wadas, Diocese of Altoona–Johnstown, St. Mary's Roman Catholic Church, Cardinal John Krol, and the Arch–Diocese of Philadelphia.

Appeal of Bishop James HOGAN, Monsignor Thomas Madden, Monsignor Roy F. Kline, Monsignor Paul Panza, Monsignor Ignatius Wadas, Diocese of Altoona–Johnstown and St. Mary's Roman Catholic Church.

Superior Court of Pennsylvania.

Argued Jan. 11, 1990.

Filed Aug. 27, 1990.

Reargument Denied Nov. 9, 1990.

506

Maria Zulick, Pittsburgh, for appellants.

Richard M. Serbin, Altoona, for Hutchison, appellee.

Scott E. Henderson, Pittsburgh, interested party.

Before McEWEN, BECK and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from an order which denied, with certain limited exceptions, a Motion to Seal all pleadings, discovery matters, and pretrial proceedings in the underlying action, filed on behalf of Bishop James Hogan and the Diocese of Altoona–Johnstown (hereinafter "appellants" or "Church Parties").[1] Plaintiff, Samuel C. Hutchison (hereinafter referred to as "Hutchison") filed a civil action claiming damages against defendant, Father Francis Luddy (hereinafter "Luddy"), as a result of various sexual acts allegedly performed by Luddy while he served his pastoral duties in the Borough of Windber, Somerset County, Pennsylvania.[2] The complaint also asserted causes of action against the appellants, Cardinal John Krol, and the Arch–Diocese of Philadelphia, alleging a breach of supervisory duties, as well as personnel and program control.

Several Pittsburgh newspapers engaged in coverage of the civil and criminal actions against Luddy. The contested Motion to Seal ensued,[3] after which the Pittsburgh Press

---

1. Although this motion was filed by Bishop Hogan and the Altoona–Johnstown Diocese, Monsignor Thomas Madden, Monsignor Roy F. Kline, Monsignor Ignatius Wadas, and St. Mary's Roman Catholic Church, have also appealed. The terms "appellants" and "Church Parties", as such, refer to all of the above.
   Although named defendants in the suit below, Father Francis Luddy, Cardinal John Krol, and the Arch–Diocese of Philadelphia, are not parties to this appeal.

2. Criminal charges, pending at the time that this civil suit was instituted, were also filed against Luddy due to these alleged acts.

3. Bishop James Hogan and the Altoona–Johnstown Diocese claimed that the absence of a seal would make it "impossible for [all of the] defendants to obtain a fair and impartial jury and a fair and impartial trial of this case and [would] result in irreparable prejudice and harm to the rights of these defendants, their good names, reputations [sic]

Company (hereinafter "appellee" or "Pittsburgh Press") filed a Petition to Intervene.[4] On the basis of the first amendment to the United States Constitution, and the common law, the Pittsburgh Press asserted that it possesses a right of access to the materials sought to be sealed. The court, following a hearing, granted appellee's Petition to Intervene "for the limited purpose of opposing the defendant's motion for order of [c]ourt to seal records," Notes of Testimony, 12/1/88, p. 5, and, with certain limited exceptions, denied appellants' Motion to Seal.[5] The Church Parties appeal. We affirm in part, and reverse in part.

and standing in the community." Motion for Order of Court to Seal Record, p. 3. They also asserted that the absence of a seal would prejudice Luddy's ability to obtain a fair trial in the related criminal prosecution.

Only a complaint and a motion to amend the complaint were on file at the time that this Motion to Seal was filed.

4. The Pittsburgh Press petitioned to intervene "for the limited purpose of opposing the closure of proceedings and records and to fully participate in any hearing on the defendants' Motion to Seal Record." Petition of the Pittsburgh Press Company to Intervene in Opposition to Motion to Seal Records, Nov. 21, 1988, p. 4.

5. The full Order of Court reads as follows:

ORDER

NOW, this 23rd day of December, 1988, it is hereby ORDERED that:
1. Defendants' motion to seal completely all pleadings and pretrial proceedings thereon is denied.
2. For the purpose of protecting defendant Luddy's fair trial right, however, it is ORDERED that pending completion of defendant Luddy's criminal trial, the party intending to file a pleading or document in the civil case, shall first examine the pleading or document and determine whether it contains information, publication of which is prohibited by Rule of Professional Conduct 3.6, which information, for purposes of this Order, is defined as follows:
(a) Statements relating to the character, credibility, reputation or criminal record of a party or witness in the criminal case, or expected testimony of such a party or witness;
(b) Statements relating to the possibility of a plea of guilty to the criminal offenses or the existence or contents of any confession, admission or statement by defendant in the criminal case, or that person's refusal or failure to make a statement;
(c) Statements relating to the performance or results of any examination or test or the refusal or failure of a person to submit to an examination or test, or the identity or nature of physical evidence expected to be presented in the criminal case;
(d) Any opinion as to the guilt or innocence of defendant in the criminal case;

■ At the outset, we note that our Court possesses subject matter jurisdiction over this appeal pursuant to the "collateral order" exception to the final judgment rule.[6] *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Pugar, supra.* This is so because the order in dispute satisfies the three-prong test articulated in *Cohen.* First, the order is "separable from and collateral to the main cause of action." *Pugar,* 483 Pa. at 71, 394 A.2d at 545 (citing *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225). The rights which the Church Parties assert, i.e. the right to a fair and impartial civil trial, and defendant Luddy's right to a fair criminal trial, are independent of the underlying action, although the information which appellants would seal may in fact impact on the principal actions against themselves and against defendant

(e) Information a lawyer knows or reasonably should know is likely to be inadmissible as evidence in the criminal case and would, if disclosed, create a substantial risk of prejudicing an impartial trial.

In the event the pleading or document contains such information, the pleading shall be filed under seal in the office of the Prothonotary of Somerset County and the contents thereof shall not be disclosed to persons other than the parties to the civil action and their counsel, unless otherwise ordered.

3. If pretrial arguments or hearings are necessary, the parties may apply for further relief if the circumstances warrant.

4. Defendants' motion for seal of discovery material is granted in part and denied in part as follows:

(a) Pending completion of Defendant Luddy's criminal trial, interrogatories and other discovery directed to defendant Luddy and responses thereto shall be disclosed only to the parties and their counsel, and if filing is necessary, shall be filed under seal in the Prothonotary's office.

(b) The motion for seal of other discovery is denied at this time as premature. If such other discovery is initiated, the parties may present objections or motions for protective orders in accordance with the Pennsylvania Rules of Civil Procedure, as the circumstances may warrant. Copies of all notices, interrogatories, requests and other documents shall immediately be served upon all other parties.

/s/
Eugene E. Fike, II, P.J.

6. The order in dispute is not final because it neither ends the litigation nor disposes of the entire case. *Pugar v. Greco,* 483 Pa. 68, 70, 394 A.2d 542, 544 (1978).

Luddy. *See P.G. Publishing Co. v. Commonwealth by Dist. Attorney,* 389 Pa.Super. 86, 566 A.2d 857 (1989).[7] Second, "the right involved is too important to be denied review." *Id. See Commonwealth v. Cassidy,* 390 Pa.Super. 359, 361, 568 A.2d 693, 695 (1985) (second prong of *Cohen* test met as order disqualifying defendant's counsel implicates sixth amendment right of United States Constitution). Third, "the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." *Id.* If review is delayed until after final judgment, any opportunity to provide appellants with a fair trial will have vaporized, and there will be no way to undo whatever prejudice may have been sustained by their reputations. Because all three prongs of the *Cohen* test are therefore satisfied, it follows that our Court possesses subject matter jurisdiction over this appeal.

On appeal the Church Parties argue that the trial court erred in allowing appellee Pittsburgh Press to intervene and oppose their effort to obtain a protective order pursuant to Pa.R.C.P. 2327, which provides: "At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if ... (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action." Appellants further contend that the trial court's denial of their Motion to Seal amounted to an abuse of discretion and that, in the alternative, appellants should have at least been granted their request to engage in a pre-filing exchange of documents,

7. *Gottschall v. Jones & Laughlin Steel Corp.,* 333 Pa.Super. 493, 482 A.2d 979, *cert. denied,* 474 U.S. 845, 106 S.Ct. 134, 88 L.Ed.2d 110 (1984), relied on by Hutchison, who aligns himself with the Pittsburgh Press in this appeal, is not dispositive. Unlike *Gottschall,* the issue here is not access to documents which could determine issues of liability, because pretrial documents and proceedings are accessible to both parties. Rather, the issue is whether the press may access these documents or whether such public access would prejudice the Church Parties', and defendant Luddy's, right to a fair trial. It is clear that this right is separable from and collateral to the main cause of action, and *Gottschall* does not apply.

said exchange allowing the parties to review the materials and to object to their unsealed filing before its occurrence.

■ The grant or denial of a petition to intervene is a matter which is vested within the sound discretion of the trial court, and the trial court's decision will not be disturbed on appeal absent a manifest abuse of that discretion. *Stenger v. Lehigh Valley Hosp. Center*, 382 Pa.Super. 75, 78, 80, 554 A.2d 954, 954, 956 (1989) (*citing Wilson v. State Farm Mut. Ins. Co.*, 512 Pa. 486, 517 A.2d 944 (1986); *M. London, Inc. v. Feddlers Corp.*, 306 Pa.Super. 103, 452 A.2d 236 (1982)); *Ginter v. Nationwide Mut. Fire Ins. Co.*, 359 Pa.Super. 200, 201, 518 A.2d 850, 851 (1986). "A trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will." *Stenger*, at 80, 554 A.2d at 956.

Because we ultimately conclude that the current state of the law appears to confirm appellee Pittsburgh Press' right to access the pleadings as well as the pretrial proceedings of the case at bar, we conclude that appellee Pittsburgh Press has a right to intervene in order to secure its right of access to these pleadings and proceedings. Any other holding would recognize appellee Pittsburgh Press' right of access, while denying it the opportunity to enforce this right in the face of an effort by appellants to obtain a protective order which, if granted, would squarely usurp this right. It follows that the Pittsburgh Press possesses a "legally enforceable interest", pursuant to Pa.R.Civ.P. 2327, in the resolution of appellant's motion to seal pleadings and pretrial proceedings, and that the trial court's decision to allow intervention, insofar as it related to appellee's right to access these pleadings and pretrial proceedings, did not amount to discretion manifestly abused. *See Matter of Seegrist*, 517 Pa. 568, 572 n. 17, 539 A.2d 799, 803 n. 17 (1988). The record does not reveal judgment which is manifestly unreasonable, nor does it indicate that the trial court's decisions were the result of partiality, prejudice, bias, or ill-will. *Stenger*, at 80, 554 A.2d at 956.

We next turn to the issue of whether the trial court erred in denying the Church Parties' Motion to Seal all pleadings and pretrial proceedings. The Pittsburgh Press contends that it possesses a right of access to these materials and proceedings based on the common law, the United States Constitution, and the Pennsylvania Constitution.

The party who seeks closure bears the burden of establishing that closure is appropriate under the circumstances. *Katz v. Katz*, 356 Pa.Super. 461, 466, 514 A.2d 1374, 1379 (1986). A trial court's decision to grant or to deny closure will be reviewed on appeal only to determine if the trial court abused its discretion. *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984).

In Pennsylvania, the common law, the first amendment to the United States Constitution, and the Pennsylvania Constitution, all support the principle of openness. "All courts shall be open." Pa. Const. Art. I, § 11. *See Commonwealth v. Fenstermaker*, 515 Pa. 501, 504, 530 A.2d 414, 417 (1987) (*quoting Richmond Newspaper, Inc. v. Virginia*, 448 U.S. 555, 573, 100 S.Ct. 2814, 2825, 65 L.Ed.2d 973 (1980)). More than one basis for the public right of access to civil trials has been articulated. *See Publicker, supra.* Nonetheless, the presumption of public access is rebuttable. *Bank of America Nat'l and Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 344 (3d Cir. 1986).

Two methods have emerged in the Third Circuit by which one may attempt to overcome the presumption of openness and to limit public access. First, if attempting to achieve closure under a first amendment analysis, "there must be a showing that the denial serves an important governmental interest and there is no less restrictive way to serve that governmental interest." *Publicker*, 733 F.2d at 1070 (*citing Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07, 102 S.Ct. 2613, 2619–20, 73 L.Ed.2d 248 (1982)). Also, it must be established "that the material is the kind of information that courts will protect and that

there is good cause for the order to issue." *Publicker*, 733 F.2d at 1071. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.*

■ Second, a party who attempts to establish that the common law presumption in favor of access does not extend to certain records or proceedings must show that "the interest in secrecy outweighs the presumption." *Bank of America*, 800 F.2d at 344. In deciding whether to grant the motion of the party who seeks to seal records or proceedings under the common law approach, the court engages in a balancing test, weighing on the one hand the factors in favor of access, and, on the other, those against it. *Id.* (*citing United States v. Criden*, 648 F.2d 814, 818 (3d Cir.1981)).

■ The presumption that the public may inspect and copy judicial records extends to pleadings. *Stenger*, at 83, 554 A.2d at 960. Moreover, the prevailing trend appears to indicate that pretrial proceedings are also subject to the presumption in favor of public access. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., et al.*, 529 F.Supp. 866 (E.D.Pa.1981).

■ We have examined appellant's arguments in favor of sealing the pleadings and pretrial proceedings in the case at bar in light of both the *Publicker* "good cause" (first amendment) analysis, and the *Bank of America* (common law) balancing test. It is our conclusion that appellants have failed to satisfy their burden under both, and that the trial court did not abuse its discretion in denying their Motion to Seal. This decision was within the court's discretion, and we see no reason to disturb it on appeal.

We next address the question of whether the trial court abused its discretion in allowing the Pittsburgh Press to intervene in order to oppose the Motion for Order of Court to Seal the Record with respect to depositions and discovery matters, and in not granting the Church Parties' Motion to Seal pretrial discovery materials. The court granted the motion to seal with regard to discovery directed at defen-

dant Luddy, but denied the motion to seal other discovery, deeming the motion to do so premature. Appellants, nonetheless, were granted permission to "present objections or motions for protective orders in accordance with the Pennsylvania Rules of Civil Procedure, as the circumstances may warrant." Trial Court Order, Dec. 23, 1988.

In *Stenger, supra,* the trial court, following its issuance of a protective order which limited public access to pretrial discovery materials in a civil suit, denied intervention and rejected the exceptions filed by a newspaper. Finding an absence of discretion abused, our Court concluded that civil discovery materials are not presumptively accessible "judicial records", and that the newspaper which sought intervention had no common law right to access and inspect discovery materials. Moreover, it was found that limiting access to this information did not violate the First Amendment rights of the newspaper.

Stated the *Stenger* Court:

... [P]rivate documents collected during discovery are not judicial records. *In re Alexander Grant and Company,* 820 F.2d [352] at 355 [11th Cir.1987]; *Anderson v. Cryovac, Inc.,* 805 F.2d 1 (1st Cir.1986); see also *Seattle Times v. Rinehart,* 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) ... [D]iscovery is essentially a private process. As stated by the Supreme Court in *Seattle Times,* "pretrial depositions and interrogatories are not public components of a civil trial." *Seattle Times,* 467 U.S. at 33, 104 S.Ct. at 2207. Thus, wrote the Court, "such proceedings were not open to the public at common law." *Id.* Justice Burger wrote separately in another Supreme Court opinion that "it has never occurred to anyone, so far as I am aware, that a pretrial deposition or pretrial interrogatories were other than wholly private to the litigants." *Gannett Company v. DePasquale,* 443 U.S. 368, 396, 99 S.Ct. 2898, 2914, 61 L.Ed.2d 608.

*Stenger,* 89–90, 554 A.2d at 960–961.

In the aftermath of *Stenger,* it appears that this Commonwealth does not view discovered information produced

in the preparation of civil litigation as material to which the public has a common law, presumptive right of access. It follows that there is no inexorable "legally enforceable interest", in satisfaction of Pa.R.C.P. 2327(4), which would justify intervention in order to obtain said information. The court below, as such, erred in granting intervention to appellee Pittsburgh Press insofar as the Pittsburgh Press sought access to discovery materials. Moreover, once it granted intervention, it further erred in declining to apply *Stenger* by denying the motion to seal all discovery information, including those not directed at defendant Luddy. By not applying *Stenger*, the trial court merely caused a delay which decelerates the wheels of justice by requiring future motions and possibly even appeals over a matter which has already been squarely laid to rest by our case law.[8]

Appellee Pittsburgh Press attempts to distinguish *Stenger*, *inter alia*, on the basis that in that case:

[T]his Court was requested to only consider the issue of access to discovery documents. Access to judicial records and proceedings was not in issue ... The scope of the requested seal [in the instant case] was more expansive than that at issue in *Stenger*. Here the Church Parties sought a seal also for records including pleadings and all pretrial proceedings. The trial court disagreed and found that 'the public possesses both a common law and constitutional right of access to civil judicial proceedings and records.' [citation omitted]. Because the trial court rec-

---

**8.** We are aware that the *Stenger* court found that limiting access to information in that case did not violate any first amendment rights of the United States Constitution, in addition to not being in contravention of the common law. We have reviewed appellee's attempts to distinguish *Stenger*, and find that denying intervention here would also have been the only proper manner within which the court could have exercised its discretion under both the United States Constitution, and our common law.

This conclusion is not altered by the fact that in *Stenger* all of the parties, including the plaintiff, favored a protective order, while in the instant appeal Hutchison joins the Pittsburgh Press. This is so because the substance of the *Stenger* holding, and the rationale supporting it, clearly remain unaffected by the postures adopted by the various parties in the case before us.

ognized that right, it is patently clear that the Press had a corollary right to intervene in order to have such right vindicated."

Appellee Brief at 12–13.

The Pittsburgh Press notes that in the case at bar, unlike *Stenger,* presumptively accessible pleadings and pretrial proceedings were sought in addition to pretrial discovery materials. It implies that the seeking of these additional materials provides the "legally enforceable interest" which Pa.R.C.P. 2327(4) requires, and proceeds to argue in favor of a right of intervention, based upon this interest, presumably for *all* of the materials which it seeks, the results of discovery proceedings, by implication, included. The basis for this right is, at best, murky. If civil discovery materials are not considered judicial records for purposes of public access, it does not follow that the mere attempt to seek other records which may be accessible over and above these private documents automatically transforms the latter into appropriate subjects for intervention purposes. It follows that intervention for purposes of attempting to access pleadings and pretrial proceedings, as stated earlier, was properly granted, but that the court, based upon *Stenger,* abused its discretion in allowing appellee Pittsburgh Press to intervene in order to oppose the Motion to Seal insofar as it related to discovery matters.

We emphasize that our holding will in no way affect the openness of the trial below. No party seeks closure, the trial will remain open to the public, and at that time all relevant and admissible evidence will not only be admitted, but will also be available for public consumption.[9]

For the reasons set forth herein, the order is affirmed in part, and reversed in part; the case is remanded for the entry of an order consistent with this opinion. Jurisdiction is relinquished.

BECK, J., files a concurring and dissenting opinion.

---

**9.** Discovery materials, however, are private, and, until trial of this matter, should not be used, directly or indirectly, in any pleadings or other materials filed of record and without seal.

BECK, Judge, concurring and dissenting:

I concur with the majority in its conclusion that our court possesses subject matter jurisdiction over this appeal. In addition, I concur in the majority's finding that the Pittsburgh Press possesses the right to intervene to vindicate its right of access to all pleadings and pretrial proceedings. However, I must dissent from the majority's findings regarding the Pittsburgh Press' right of access to pretrial discovery information.

After substantively evaluating the claims of the Church Parties and the Pittsburgh Press regarding access to pretrial discovery materials, the majority concludes that the trial court erred both in granting intervention to the Pittsburgh Press to assert its right of access to the discovery materials and in denying the Church Parties' motion to seal all discovery information.

With regard to the discovery issue, Judge Fike of the Court of Common Pleas of Somerset County ruled that:

> The motion for seal of other discovery is denied at this time as premature. If such other discovery is initiated, the parties may present objections or motions for protective orders in accordance with the Pennsylvania Rules of Civil Procedure, as the circumstances may warrant. Copies of all notices, interrogatories, requests and other documents shall immediately be served upon all other parties.

Trial Court Order, Dec. 23, 1988.

The trial court denied appellants' motion to seal discovery as premature, but invited appellants to "present objections or motions for protective orders in accordance with the Pennsylvania Rules of Civil Procedure, as the circumstances may warrant."

In effect, Judge Fike's order has postponed a decision on discovery until the discovery phase is initiated and the defendants have registered a complaint. We cannot, as the trial court could not, decide the motion to seal discovery where discovery has not yet commenced. It is quite possi-

ble that in the future the court may rule in favor of a motion to seal discovery. However, until such time as the trial court makes a specific appealable ruling and the appellant is aggrieved thereby, the discovery question is not ripe for review. Thus, clearly the majority's substantive evaluation of this issue was improper as premature. I would, therefore, affirm the trial court's December 23, 1988 Order in its entirety.