**R.W. v. Hampe**

*Daniel L. Thistle,* for plaintiff.
*John S. Bagby Jr.,* for defendant.

LOWE, *J.,* July 9, 1992—On May 28, 1992, this court entered an order granting plaintiff's petition to partially seal the record. Accordingly, plaintiff's name and address, as well as any other information contained in the record that could identify her, have been sealed and the caption now reads *"R.W. v. Warren W. Hampe, M.D."* This order is now on appeal before the Superior Court of Pennsylvania.

Before considering the merits of defendant's appeal, this court must first determine the appealability of its order. Generally, "[a]n appeal will lie only from a final order unless otherwise permitted by statute or rule. *Fried v. Fried,* 509 Pa. 89, 93, 501 A.2d 211, 213 (1985); *Beasley v. Beasley,* 348 Pa. Super. 124, 126, 501 A.2d 679 (1985). A final order is one which either ends the litigation or disposes of the entire case." *Katz v. Katz,* 356 Pa. Super. 461, 465, 514 A.2d 1374, 1376 (1986). Defendant is thus unable to appeal the court's ruling as

a final order because no such termination of this controversy has been made.

An appeal here may be permissible pursuant to the "collateral order" exception to the final judgment rule. Three requirements must be satisfied to bottom the appeal upon this exception. These requirements are as follows:

"(1) [the order] is separable from and collateral to the main cause of action;

"(2) the right involved is too important to be denied review; and

"(3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." *Bollinger by Carraghan v. Obrecht,* 132 Pa. Commw. 562, 567, 552 A.2d 359, 361 (1989); see also *Hutchinson v. Luddy,* 398 Pa. Super. 505, 581 A.2d 578 (1990) (defendant permitted to appeal motion to seal the record pursuant to the "collateral order" exception to the final judgment rule).[1]

In this case, the court's order falls within the exception and is thus appealable by the defendant. The order here is separable and collateral to the main cause of action, that is, defendant's alleged professional negligence in treating plaintiff. This court's order should be "sufficiently removed from the main cause of action so that the appellate court does not review matters which are ingredients of the underlying case." *Bollinger, supra* at 467, 552 A.2d at 362. There has been no evidence presented to the contrary in this case; hence the order is separable from plaintiff's cause of action. Furthermore, defendant's right

---

1. It should be noted that as of July 6, 1992, this exception for collateral orders is expressly appealable under section 313 of the Rules of Appellate Procedure.

to open court records is too important to be denied review because this establishes the manner in which the record will be maintained. If review of this order is delayed until final judgment, defendant's possible right to public disclosure of plaintiff's identity would be lost and defendant prejudiced by hurting his reputation in a potentially irreparable way. Therefore, the requirements of the "collateral order" exception are met and this court's order is now appealable.

Defendant challenges on appeal this court's order shielding plaintiff's identity in the record. "The party who seeks closure bears the burden of establishing that closure is appropriate under the circumstances." *Hutchinson, supra* at 513, 581 A.2d at 582. Two methods are acknowledged in Pennsylvania to overcome the presumption of openness and to limit public access. One entails a First Amendment analysis requiring "a showing that the denial serves an important governmental interest and there is no less restrictive way to serve that governmental interest. *Publicker Industries Inc. v. Cohen,* 733 F.2d 1059, 1070 (3d Cir. 1984) (citing *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 606-07, 102 S.Ct. 2613, 2619-20, 73 L.Ed 2d 248 (1982))." *Hutchinson, supra* at 513, 581 A.2d at 582. Inasmuch as there has been no allegation of an infringement on any governmental interest, this approach is inapplicable to the controversy at bar.

The other method requires the party disputing access to show "the interest in secrecy outweighs the presumption. *Bank of America Nat. & Savings Assn. v. Hotel Rittenhouse Associates,* 800 F.2d 339, 344 (3d Cir. 1986). In deciding whether to grant the motion,... the court en-

gages in a balancing test, weighing on the one hand the factors of access and, on the other, those against it. *Id.* (citing *United States v. Crider,* 648 F.2d 814, 818 (3d Cir. 1981))." *Hutchinson, supra* at 514, 581 A.2d at 582.

The facts set forth in this case support the court's order granting plaintiff's motion to partially seal the record based on this second approach. The pleadings filed thus far indicate that plaintiff initially consulted defendant, a psychiatrist, after experiencing difficulties resulting from her "divorce and several family tragedies, stress from overwork, by the pressure of everyday life and rearing her children as a single parent." During her approximate one year of therapy, plaintiff alleges she revealed many confidences concerning the aforementioned problems. She also contends she confided details of her relationship with another of defendant's patients, particularly those of a sexual and emotional nature.[2] After weighing the equities in this case, including the almost unfettered freedom anonymity provides, the court determined that plaintiff, as a professional in the local community, and her children, should not be subjected to the ridicule and scorn which would certainly follow given the personal and intimate matters plaintiff necessarily included in the record. Therefore, the record is now properly sealed because plaintiff's interest in confidentiality outweighs the presumption of accessibility.

In view of the foregoing, the court's order dated May 28, 1992, granting plaintiff's motion to partially seal the record should be affirmed.

---

2. It is this relationship, as well as defendant's inappropriate encouragement thereof, which serves as the foundation of the lawsuit.