**Streett Estate v. General Motors Corp.**

38

*Richard Angino,* and *Terry S. Hyman,* for plaintiffs.
*Edward A. Gray* and *Michael P. Kinkopf,* for defendant General Motors Corp.
*Timothy I. Mark,* for defendants Fishel and Carroll Township.

UHLER, *J.,* September 8, 1992—The court has before it an amended petition for approval of a wrongful death/survival action joint settlement, with defendants, James Fishel and Carroll Township and General Motors Corp., and a supplemental petition for approval of a wrongful death/survival action settlement submitted on behalf of the Estates of Heather T. Streett and Michele L. Streett, deceased, by their administrators, Michael T. Streett and Pauline Streett.

We further note that the proceedings against James Fishel and Carroll Township were resolved earlier, without court approval, by settlement, wherein plaintiffs received a sum constituting the full policy limits from the insured. A general release was executed with the insurance carrier on behalf of Fishel and the township. Prior to filing suit against General Motors, the original release was amended from a general release to a limited joint tortfeasor release.

The above case arises out of a tragic automobile accident occurring May 14, 1989, on Route 15 near Dillsburg, York County, Pennsylvania. At that time and place, a vehicle operated by defendant James G. Fishel, within the scope of his employment as a police officer for Carroll

Township, pulled out from a stop sign onto Route 15, directly in front of Mr. Streett's oncoming vehicle, causing the two cars to collide. Michael and Pauline Streett, along with their two minor children, Heather and Michelle, were inside the Streett vehicle. As a result of the collision, Mrs. Streett suffered injuries to her neck, back and chest. Heather and Michelle Streett received internal injuries. Following the accident, both minor children were pronounced dead as a result of the injuries received from the collision. Both Mr. and Mrs. Streett witnessed their daughters' accident and both are still suffering emotional problems as a result.

Based upon the evidence offered by the parties, the court finds that the proposed settlement offers are reasonable. Our approval of the proposed settlement offers do not, however, adopt or ratify the proposed amended joint tortfeasor's release nor the ramifications it may have upon the pending underinsurance claims now pending in arbitration.

The primary issue before this court is whether it should seal the record which contains the terms of the settlement among the parties. All parties have executed confidentiality agreements and, initially, all parties requested sealing of the records. Subsequently, plaintiff, through their counsel, have formally advised the court that they currently take no position on this issue.

In general, there is a presumption in favor of access to public records and documents. *Bank of American Nat. Trust v. Hotel Rittenhouse*, 800 F.2d 339, 343 (3rd Cir. 1986); *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). In

fact, the Pennsylvania Constitution, Articles I and II, provides, "All courts shall be open." However, there is a related principle that the right of access, whether grounded on the common law or the First Amendment, is not absolute. *Bank of American Nat. Trust v. Hotel Rittenhouse,* 800 F.2d at 344.

As a preliminary matter, it should be noted that there are two different standards regarding denying access that depend on what grounds the right to access is based. If the right of access is based on First Amendment grounds, the party opposing access is required to show "an overriding interest based on findings that closure is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984), *Publicker Industries Inc. v. Cohen,* 733 F.2d 1059, 1066-67 (3rd Cir. 1984). If the right of access is based on the common law presumption in favor of access, the burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption. *Bank of America Nat. Trust,* 800 F.2d at 344. The party who seeks closure bears the burden of establishing that closure is appropriate under the circumstances. *Hutchinson v. Luddy,* 398 Pa. Super. 505, 581 A.2d 578 (1990), citing *Katz v. Katz,* 356 Pa. Super. 461, 466, 514 A.2d 1374, 1379 (1986).

In the case at hand, whether the right of access is based on the First Amendment or the common law presumption is not a determining factor because the defendants have not met either burden and, thus, are not entitled to have the record sealed.

Originally, both defendants, as well as the plaintiffs, sought a sealing of the record. The defendant, General Motors, first argues that, in essence, what they have is a private agreement between parties with certain provisions that are of no interest or consequence to the public. This court disagrees, as may be found in *Bank of American Nat. Trust,* a motion or a settlement agreement filed with the court is a public component of a civil trial. 800 F.2d at 343-344. In the case at hand, due to the nature of this action (a wrongful death action) and the parties involved (two minors), court approval of the settlement is required, making this a public record, and thus, of consequence to the public. Furthermore, as an additional factor, one of the principle parties is a municipal corporation. Once a settlement is filed, it becomes a judicial record and subject to the access accorded such records. *Id.* at 345.

The defendant next argues that because the public policy of Pennsylvania is to encourage settlements, this policy would be impaired by public disclosure of the terms of the settlement. This court acknowledges that the public policy of Pennsylvania is to encourage settlements, but it disagrees with the proposition that disclosure of the terms of settlement will thwart that policy. Settlements save the parties involved the substantial cost of litigation, reduce risk, and of course, conserve the limited resources of the judiciary. *Bank of American Nat. Trust,* 800 F.2d at 344. However, allowing the public access to settlements, which are filed with the court, also serves important interests. First it provides the public with a more complete understanding of the judicial system. *United States v. Smith,* 787 F.2d 111, 114 (3rd Cir. 1986), citing *United*

*States v. Criden,* 675 F.2d 550, 557 (3rd Cir. 1982). Also, disclosure of the settlement serves as a check on the integrity of the judicial process. *Smith,* 787 F.2d at 114.

The defendant, General Motors, also contends that the court's involvement in this settlement is due to the fact that interests of minors are involved. Defendant further argues that this is a remote interest since payments will be made to individuals who have reached the age of majority, not minors. The court cannot agree with defendant's contention. The court finds that the minors involvement is tantamount to the settlement agreement. But for the tragic accident bringing about a wrongful death/survival action on behalf of the minors, there would be no case; hence, no settlement. The distribution to the parties is only secondary in regards to the cause of action. Thus, the court does not find the interest as remote.

Finally, the defendant argues that the case at hand is very different from the *Bank of America Nat. Trust* case. This court concedes there is a difference, however, this court sees the distinction as de minimis. The issue in the *Bank* case was whether or not to unseal settlement documents, whereas the issue in this case is whether or not to seal settlement documents. The court believes this difference is so insignificant and slight that it has no effect, and thus, find *Bank of America Nat. Trust* as instructive.

In deciding whether or not the court should seal the settlement record, the court finds that defendant has failed to overcome the common law presumption of access by failing to show that the interest in secrecy outweighs the presumption. *Bank of American Nat. Trust,* 800

F.2d at 344. As such, the defendant has also failed to overcome the First Amendment right to access by failing to show an overriding interest against access. *Press Enterprise Co.,* 484 U.S. at 510, 104 S.Ct. at 824, 78 L.Ed.2d 629 (1984).

The court notes that the tragic nature of this action and the emotional difficulty for the parents is a concern. However, the court must consider other factors, such as the paramount right of the public to have access to those types of records. We further recognize that General Motors vigorously has contested liability in the matter and that liability is not admitted nor conceded by it. The defendant's main concern seems to be in denying the public access to the amount to be received by the plaintiffs in settlement. The court notes that the most likely rationale behind this concern is to avoid other potential plaintiffs from asking for the same or similar amount. This court does not view this ground as one that outweighs the common law presumption, nor an overriding interest to overcome the First Amendment right. Thus, this court denies the defendant's motion to seal the record.

In order that the immediate implementation of this order does not render moot the public disclosure issue, we will stay the release of the settlement records, excepting this opinion, for a period of 15 days from the date hereof. No further stays or supersedeas will be extended by the court. If an appeal is intended to be pursued, further orders of supersedeas or seeking a stay of the implementation of this order must be sought before the appropriate appellate court.

An appropriate order shall be entered.

## ORDER

And now, September 8, 1992, the defendant's motion to seal the settlement record is denied.

We stay the disclosure of the petitions for settlement and transcript of the settlement hearing for a 15-day period, in order that the parties be afforded a meaningful opportunity to appeal this court's decision relative to the sealing of the record.

We deny any further stays beyond the 15-day period and advise that further relief must be sought from the appellate courts.

We approve the settlement proposals and authorize the execution of the releases prepared herein. As referenced in the opinion, our approval does not ratify or adopt the legal ramifications, if any, of the joint tortfeasor's release entered into by the plaintiffs and Carroll Township and James G. Fishel.