**KOVATCH ENTERPRISES,
INC., Appellee,**

v.

**HAZLETON ELECTRIC SUPPLY
COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued June 23, 1998.

Filed June 30, 1998.

James R. Scallion, Hazleton, for appellant.

Steven M. Cormier, Nesquehoning, for appellee.

Before POPOVICH, ORIE MELVIN and SCHILLER, JJ.

ORIE MELVIN, Judge:

This is an appeal from the equity court's order appointing an independent expert to aid the court in the proper disposition of a boundary dispute and requiring the parties to post security for the costs. We quash the appeal as interlocutory.

Appellee, Kovatch Enterprises, Inc. (Kovatch) brought an action in equity seeking a determination of the proper location of a common boundary between the tracts of land owned by Kovatch and Hazleton Electric Supply Company (Hazleton). Kovatch also sought an injunction against Hazleton's alleged use or waste of Kovatch's land and timber and an award for damages. Hazleton filed a counterclaim including a claim for legal damages in the amount of $400,000.00 for the removal of timber. After a three-day non-jury trial from March 3 to 5, 1997, the equity court initially entered an order directing the parties to submit Proposed Findings of Fact and Conclusions of Law. By order dated March 20, 1997, the court vacated its March 5, 1997 order. On June 23, 1997, the equity court entered an order appointing an independent expert to aid in the disposition of the case and requiring each party to deposit security in the amount of $65,000.00 to cover the cost of the independent expert. On

June 27, 1997, the court entered an order continuing the trial generally to allow the independent expert to complete his survey. On July 22, 1997, the court granted Hazleton's motion for reconsideration and vacated the order of June 23, 1997. After a hearing on Hazleton's petition, the court entered an order dated November 18, 1997 reinstating the June 23, 1997 order but reducing the amount of security required of each party to $26,000.00.

On appeal, Hazleton initially argues that the November 18, 1997 order is appealable as of right as a collateral order under Pennsylvania Rule of Appellate Procedure 313.[1] Hazleton contends that the order in question is collateral because it determines important rights that would be irreparably lost if review were postponed until the termination of the case. Hazleton further alleges that it will be denied the right to proceed in this litigation due to its inability to comply with the order for payment of security. Specifically, Hazleton claims that it does not have sufficient funds to place $26,000.00 in escrow as ordered by the court to cover the estimated cost of the independent expert's first phase of his survey.

■ It is well settled that unless otherwise permitted by statute, only appeals from final orders are subject to appellate review. *Jenkins v. Hospital of Medical College of Pennsylvania*, 535 Pa. 252, 634 A.2d 1099 (1993); *Commonwealth v. Sartin*, 708 A.2d 121 (Pa.Super.1998), *citing Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978). Under Pa. R.A.P. 313, an appeal may be taken as of right from a collateral order. Rule 313(b) provides the following definition:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed, until final judgment in the case, the claim will be irreparably lost.

To take an appeal under this doctrine, all three elements set forth in Rule 313 must be satisfied. *Brawley Distributing Co. Inc. v.*

*Heartland Properties*, 712 A.2d 331 (Pa.Super.1998). As we recently stated in *McGourty v. Pennsylvania Millers Mutual Insurance Company*, 704 A.2d 663 (Pa.Super.1997):

> The collateral order doctrine must be construed narrowly in order to 'protect the integrity of the fundamental legal principle that only final orders may be appealed. To hold otherwise would allow the collateral order doctrine to swallow up the final order rule, . . . causing litigation to be interrupted and delayed by piecemeal review of trial court decisions.'

704 A.2d at 665. (citations omitted). *See Miller v. Steinbach*, 452 Pa.Super. 194, 681 A.2d 775 (1996) (wherein we held that order directing father to submit to and pay for psychological evaluations before custody determination was intertwined with the custody determination and was therefore not appealable under the collateral order doctrine).

■ In the case presently before us, the central issue is the determination of the boundary lines. The equity court's order appoints an independent expert to assist in determining this issue. Thus, we find that the order in question is completely entwined with the main cause of action. Since it is not separable from the main cause of action, it fails to meet the first criteria of the collateral order doctrine and is not reviewable at this time.

■ Although not necessary to our disposition, we note that Hazleton's claim that it will be denied due process is premature. Hazleton claims it cannot comply with the court's order requiring them to place money in escrow as security for the expert's fee. According to Hazleton, its failure to so comply will result in the dismissal of this action. However, we have no way of knowing that Hazleton in fact will not comply with the court's order. Further, we do not know what consequences Hazleton will face should it fail to comply with the order. We refuse to speculate as to what might happen. We will

---

1. Given our disposition of Hazleton's initial argument, we need not address the other claims raised for our review.

address this issue should it become ripe for our review, but not before.

Appeal quashed. Case remanded. Jurisdiction relinquished.