**Sabina Hankin KURTZMAN and Gertrude Hankin**

v.

**Max HANKIN, Janet Hankin, Harriet Hankin, Individually and Harriet Hankin and Mitchell Hankin, as Executors of the Estate of Samuel Hankin.**

**Appeal of PHILADELPHIA NEWSPAPERS, INC.**

Superior Court of Pennsylvania.

Argued June 9, 1998.

Filed July 9, 1998.

Amy B. Ginensky, Philadelphia, for appellant.

Franklin Poul, Philadelphia, for Max & Janet Hankin, appellees.

Dana P. Garrity, Philadelphia, for Harriet & Mitchell Hankin, appellees.

Before HUDOCK, MUSMANNO, and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal of an order denying appellant Philadelphia Newspapers, Inc.'s (PNI) petition to intervene and to obtain access to judicial records and proceedings. We reverse.

The underlying action originated through writ of summons by plaintiffs Sabina Hankin Kurtzman and Gertrude Hankin. Gertrude Hankin later withdrew from this action. A deposition of Michael Hepps, Esq., was taken in preparation of the subsequent complaint. The complaint charged defendants/appellees with causing plaintiffs emotional distress and legal fees by filing baseless claims in a Montgomery County action to dissolve the Hankin

Family Partnership. Deciding that plaintiffs made scandalous and damaging allegations in their complaint regarding Mr. James Schwartzman, attorney for Harriet Hankin and the Estate of Samuel Hankin, the lower court preliminarily ordered the proceedings, discovery, and all related documents sealed. Following a hearing, the court finalized its order that the record be sealed. Thereafter, PNI filed a petition to intervene and to obtain access to judicial records and proceedings. The court denied the petition and PNI brought the instant appeal. Following the filing of this appeal, the underlying action was dismissed.

▬ We must initially decide whether this appeal is moot as the underlying action has been dismissed and whether the order is appealable before we can look at the merits of PNI's appeal. First, this appeal has not been rendered moot as a result of the dismissal of the underlying action. This Court has previously held that the appeal of a media intervenor is not rendered moot by the completion of the underlying action. *See, e.g., Commonwealth v. Buehl,* 316 Pa.Super. 215, 462 A.2d 1316 (1983). This Court will still hear such an appeal where the issue is capable of repetition yet evading review. Generally, orders sealing records cannot be reviewed until the underlying action has already been completed. *Commonwealth v. Frattarola,* 336 Pa.Super. 411, 485 A.2d 1147 (1984). Furthermore, there is a reasonable expectation that media intervenors will be subject to such judicial orders again in the future. *Id.* Therefore, even though the instant underlying action has already been dismissed, we may hear PNI's appeal.

▬ Next, we must determine whether the court's order sealing the records and denying intervention is appealable. Appellees assert that the order denying intervention and closing the records and proceedings is not a final order and thus not appealable. PNI, on the other hand, argues that the order is appealable under the collateral order rule. The collateral order rule allows non-final orders to be appealed when: (1) the order in question is separable from and collateral to the main underlying action; (2) important rights are involved; and (3) rights will be irrepara-

bly lost if review is postponed until final judgment. Pa.R.A.P. 313; *R.W. v. Hampe,* 426 Pa.Super. 305, 626 A.2d 1218 (1993). We have previously held that orders sealing records are appealable as collateral orders. *Id.* In the instant case, the order is separate from and collateral to the underlying action. The rights involved — the first amendment and common law rights to access to judicial proceeding — are extremely important. These rights will be irreparably lost as such closure order will remain effective because the case has been dismissed. *See Frattarola, supra.* Therefore, the order closing the records and proceedings is appealable as a collateral order.

▬ Additionally, an order denying intervention, although not a final order, is appealable if it is the only way to obtain judicial relief. Appellees point out several cases where this Court has found an order denying intervention not to be appealable. In those cases, however, there were other avenues by which the party seeking intervention could obtain a remedy and protect its rights. *See Watson v. City of Philadelphia,* 665 A.2d 1315 (Pa.Cmwlth.1995). In the instant case, however, there is no other way for PNI to obtain a remedy but through intervention in this case. Thus, the order denying intervention is appealable if, after reviewing the merits, that order works as a denial of relief to which PNI is entitled. *Stenger v. Lehigh Valley Hospital Center,* 382 Pa.Super. 75, 554 A.2d 954 (1989).

We must now turn to the merits of PNI's argument. PNI argues that the lower court erred when it failed to comply with the procedural requirements for issuing such an order and employed the improper legal standard in determining that the records and proceedings should be sealed. PNI also asserts a first amendment and common law right to access to the judicial records and proceedings in this case.

Primarily, PNI claims that the trial court based its ruling on the assumption that PNI was requesting only access to discovery materials. PNI asserts that its petition sought access to judicial records and proceedings which excluded discovery materials. This

Court has stated that while there is a presumptive right to access to pleadings and proceedings, there is no presumptive right to discovery material. *Id.*; *Hutchison v. Luddy*, 398 Pa.Super. 505, 581 A.2d 578 (1990), *rev'd on other grounds*, 527 Pa. 525, 594 A.2d 307 (1991). Given this rule and PNI's concession that it is not seeking such materials, the trial court order insofar as it sealed discovery materials remains undisturbed. Thus, our review of the propriety of the trial court's order to close the record will be confined to closure of pleadings and judicial proceedings.

 Our review of a lower court's decision to grant or deny closure of records allows us to reverse only if the trial court abused its discretion. *R.W. v. Hampe*, 626 A.2d at 1220. In order to have committed a manifest abuse of discretion the trial court must have erred as a matter of law or its decision must have been the result of partiality, prejudice, bias, or ill-will. *Stenger*, 554 A.2d at 956. In *Hutchison, supra,* this Court articulated the legal standards under both first amendment and common law analyses for the determination of whether to close pleadings and judicial proceedings. The trial court in its opinion, however, provides no analysis for its decision based on either of these standards. The lower court failed to state any reasons why the pleadings and judicial proceedings should be closed. Rather, the lower court simply states that PNI really wants discovery materials and then proceeds to explain why PNI is not entitled to such materials. As discussed above, we are not reviewing the closure of discovery material. As the lower court failed to use the proper legal standards or articulate its reasons for closure of the pleadings and judicial proceedings, the lower court abused its discretion. *See Buehl*, 462 A.2d at 1323.

As the trial court failed to properly order closure of the judicial proceedings and pleadings, it lacked the proper basis to deny intervention. Under Pennsylvania Rules of Civil Procedure 2327, one shall be permitted to intervene if "the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

Thus, if PNI had a right to access the judicial proceedings and pleadings, it would have a right to intervene in the action. *See Hutchison*, 581 A.2d at 581.

Order reversed. Jurisdiction relinquished.