Joan MELVIN, Appellee,

v.

John DOE, Allen Doe, Bruce Doe, Carl Doe, David Doe, Edward Doe, Frank Doe, George Doe, Harry Doe, Irving Doe, Kevin Doe, Larry Doe and Jane Doe, Appellants.

Superior Court of Pennsylvania.

Argued Sept. 25, 2001.
Filed Nov. 20, 2001.
Reargument Denied Jan. 31, 2002.

Ronald D. Barber, Pittsburgh, for appellants.

Robert O. Lampl and John R. Orie, Jr., Pittsburgh, for appellee.

Before DEL SOLE, President Judge, JOHNSON, and BROSKY, JJ.

BROSKY, J.

¶ 1 In this appeal, we are asked to review the trial court's order denying Appellants' motion for summary judgment as well as their motion for a protective order.[1] After careful review, we quash the appeal.

¶ 2 The relevant facts are not in dispute. In the early part of 1999, the following comment appeared on an internet web page identified as "Grant Street '99."

> Despite being prohibited from engaging in political activity, a couple of Judges have been keeping themselves pretty busy recently with politics. Judge Joan Orie Melvin has been lobbying the Ridge administration on behalf of a local attorney seeking the appointment by Governor Ridge to fill the vacancy on the Allegheny County Court of Common Pleas created by the mandatory retirement earlier this month by Judge Robert Dauer, now a Senior Judge. Dauer has also been actively pushing for this attorney's appointment. The last GS99 heard, this attorney is on the Governor's short-list of candidates. Let's hope that the Gov does the right thing and appoints somebody better qualified. Shame on Orie–Melvin and Dauer—this is exactly the kind of misconduct by our elected officials that the residents of Allegheny County will not stand for any-

more .... and a good reason why Judges should be held accountable for their actions and remembered at the polls at retention time.

*See* Complaint Exhibit 1. The remainder of the comment related to several other political figures in Allegheny County, also portraying those persons in a negative light. *Id.* The specific web page on which this comment appeared was posted on America Online (AOL) and made available to its subscribers. Appellant John Doe admits to having published this particular web page.[2]

¶ 3 Appellee commenced the instant action by writ of summons in July 1999,[3] and served subpoenas on AOL to ascertain the identities of the Appellants Doe. The trial court thereafter directed Appellee to file a complaint and stayed discovery relating to Appellants' identities so that the parties would have the opportunity to seek summary judgment. Appellee subsequently filed her complaint alleging defamation and seeking compensatory and punitive damages, and Appellants filed an answer and new matter.

¶ 4 After limited discovery, Appellee sought partial summary judgment on the issue of falsity of the published statement. Appellants sought summary judgment in their favor and dismissal of Appellee's lawsuit, on the basis that she had failed to establish actual economic injury, and further requested that the trial court protect their anonymity until Appellant provided proof of actual loss. The trial court denied both summary judgment motions, reason-

---

1. Although Appellants' brief refers solely to one individual Appellant, "John Doe," Appellee refers to several individual but unknown Appellants (the "Does.") We shall use the plural for convenience and clarity, as well as consistency with the caption of the case.

2. *See* Complaint at ¶ 8; Answer and New Matter at ¶ 8.

3. An earlier suit filed in Loudoun County, Virginia, where AOL's offices are located, was dismissed.

ing that the Appellants' identities were material, relevant, and necessary to Appellee's cause of action, and further ruled that "discovery related to the identity of the [Appellants] shall be subject to a confidentiality order[.]" Appellants' timely appeal followed.

■ ¶ 5 We note that Appellee has filed a motion to quash, and we must decide at the outset whether this Court has jurisdiction over the appeal. "It is well settled that unless otherwise permitted by statute, only appeals from final orders are subject to appellate review." *Kovatch Enterprises, Inc. v. Hazleton Electric Supply Company*, 714 A.2d 464, 465 (Pa.Super.1998). The question of whether an order is appealable implicates the jurisdiction of the Court. *Pace v. Thomas Jefferson University Hospital*, 717 A.2d 539 (Pa.Super.1998). Appellants assert that the order in question is a "collateral order" pursuant to Pa.R.A.P. 313 and therefore subject to appellate review.[4] That rule provides:

### Rule 313. Collateral Orders

**(a) General Rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

**(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. All three elements set forth in the definition of a collateral order

must be present. *Kovatch, supra.* In addition,

> [t]he collateral order doctrine must be construed narrowly in order to 'protect the integrity of the fundamental legal principle that only final orders may be appealed. To hold otherwise would allow the collateral order doctrine to swallow up the final order rule, . . . . causing litigation to be interrupted and delayed by piecemeal review of trial court decisions.'

*McGourty v. Pennsylvania Millers Mutual Insurance Co.*, 704 A.2d 663, 665 (Pa.Super.1997)(quoting *Watson v. Philadelphia*, 665 A.2d 1315, 1317 (Pa. Commw.1995)). *See also Geniviva v. Frisk*, 555 Pa. 589, 725 A.2d 1209, 1214 (1999)(the requirements for an appealable collateral order may be characterized as "stringent")(quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989)).

■ ¶ 6 The order denying Appellants' motion for summary judgment cannot be considered a collateral order, since it clearly is not separable and collateral from the action where it had the potential to decide one or more issues in the case. *See Pace, supra.* The remaining order can only be characterized as a discovery order, which may only be considered collateral where the material subject to discovery is not intertwined with the facts necessary to support the cause of action. *Van der Laan v. Nazareth Hospital*, 703 A.2d 540 (Pa.Super.1997). However, Appellants concede that the existing state of the law permits a plaintiff to discover the identity of anonymous critics in a case such as this even before the truth or falsity of the challenged statements has been determined.[5] Additionally, Appellants admit

---

**4.** On December 6, 2000, the trial court denied Appellants' motion to permit an interlocutory appeal.

**5.** It should be noted that the trial court required Appellee to establish a *prima facie* case of defamation, and concluded that she had done so. Trial Court Opinion, 11/15/00, at 6.

that revelation of their identities would be crucial to a determination of malice, another required element of Appellee's cause of action. Thus Appellants are suggesting that the discovery order in question should be considered collateral because one or more of the essential elements of a defamation action have not yet been proven. Acceptance of this argument would clearly require consideration of the merits of Appellee's cause of action. As such, the discovery order directly relates to and is intertwined with the actual claim, and thus cannot be considered collateral.

¶ 7 We therefore conclude that the orders from which Appellants appealed are not collateral orders pursuant to Pa.R.A.P. 313.[6] Consequently, this Court is without jurisdiction to entertain the appeal, and Appellee's motion to quash must be granted.

¶ 8 Appeal quashed.

---

**6.** Appellants' brief focuses on the importance of their "right" to anonymity. Because we conclude that the orders appealed from are not separable, we need not decide whether the remaining requirements of a collateral order have been met. *Gottschall v. Jones &* *Laughlin Steel Corp.*, 333 Pa.Super. 493, 482 A.2d 979 (1984). We do note, however, that the trial court provided for protection of Appellants' identity through a confidentiality order.